[No. 5470.]

THE PEOPLE OF THE STATE OF CALIFORNIA, BY JO HAMILTON, ATTORNEY-GENERAL, ON THE RELATION OF EDWIN J. FRASER v. J. M. SELFRIDGE, H. H. FERGUSON, J. J. CUSHING, J. A. ALBERTSON, AND G. M. PEASE.

RIGHT TO BE A CORPORATION.—The right to be a corporation is a franchise, and to acquire a franchise under a general law the required statutory conditions must be complied with.

ARTICLES OF INCORPORATION.—If the articles of incorporation do not state that a majority of the members of the association were present and voted at the election of directors, the certificate does not constitute the association a corporation.

IDEM.—If such articles of incorporation omit such statement, proof cannot be admitted that a majority were present and voted.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

On the 2nd day of March, 1876, the defendants filed in the office of the Clerk of the City and County of San Francisco, articles of incorporation under the name of the " Pacific Homeopathic Medical Society of the State of California." On the

next day, a certified copy of said articles was filed in the office of the Secretary of State, and the Secretary issued to the defendants a certificate that a copy of the articles containing the required statement of facts had been filed in his office.   Upon receipt of such certificate, the defendants commenced acting as trustees of said corporation, and assumed to be a corporation.

The complaint contained a statement of the facts and a copy of the articles, and averred that the defendants had usurped the franchises of a corporation, and asked that they be excluded from such franchises.   The answer did not deny the allegations of the complaint, but averred that a majority of the associates were present and voted.   The plaintiff moved for judgment on the pleadings, and the Court granted the motion.   The defendants appealed.   The other facts are stated in the opinion.

*Jarboe & Harrison*, for the Appellant.

All that is required is a substantial compliance with the statute.   (*People v. S. & V. R. R. Co.* 45 Cal. 313; *Spring Valley W. W.* v. *San Francisco*, 22 Cal. 440.)

The certificate of the Secretary of State (fol. 5) is conclusive upon the plaintiff.   Until that has been vacated by proper proceedings the defendants cannot be charged with any usurpation of a " franchise."

A mere " claim " to have a " franchise," or an " intention " to exercise corporate powers, will not warrant the proceedings taken in this case.   There must be a " user " and exercise of the franchise, or some. " act ". by the defendants which is an infringement upon the rights of the public.   (Angell & Ames, sec. 744; *People v. Thompson*, 16 Wend. 655; *King* v. *Whitwell*, 5 Term Rep. 85; *Green* v. *Pepper*, 7 Ad. & E. 745.)

*Cowdery & Preston*, for Respondents.

In order to secure title to a corporate franchise under a general law, each and every condition prescribed by the Legislature must be substantially complied with; and the non-compliance

with any condition, no matter what it may be, will prevent the title from resting as against the State. (*Harris* v. *McGregor*, 20 Cal. 127 ; *Mok. Hill Co.* v. *Woodbury*, 14 Cal. 424 ; *Carlisle* v. *C. & M. R. R. Co.* 4 Ala. 70 ; *Field* v. *Cooks*, 16 La. 154 ; *Williams* v. *Franklin*, 26 Ind. 316 ; *Becket* v. *Harris*, 4 Minn. 405 ; *St. Louis & O. R. R. Co.* v. *Sullivan*, 5 Ohio, 279 ; *Ferrona* v. *Voncelo*, 23 Ill. 459 ; *Walker* v. *Deveroux*, p. 4, Ch. 229 ; *Volk* v. *Crandall*, 1 Lond. Ch. 179 ; *Com.* v. *Gen. Pass. R. R. Co.* 52 Pa. 512 ; *Peora* v. *King*, 23 Wend. 193.)

*People* v. *Chambers* is to the point that a slight and immaterial omission is not fatal. (42 Cal. 209.)

By the COURT:

1. The right to be a corporation is in itself a franchise ; and to acquire a franchise under a general law, the prescribed statutory conditions must be complied with. The Civil Code (sec. 594) requires that the articles of incorporation shall, among other matters, "*set forth * * * that a majority of the members of such association * * * voted at such election,*" etc. The certificate in this case altogether omits any statement in this respect, and is, therefore, insufficient to constitute the association a corporation.

2. The information avers that the claim of the defendants to be a corporation is based upon the certificate just referred to, and sets out the certificate as constituting the title of the defendants—which, as we have seen, is insufficient.

3. The defect appearing upon the face of the certificate is not aided by the averment found in the answer, that in point of fact a majority of the members of the association did vote at the election mentioned in the certificate.

Judgment affirmed.