## No. 12,612.

STATE EX REL. IMMANUEL PRESBYTERIAN CHURCH VS. OWEN RIEDY.

The pendency of another suit between the same parties, for the same object, arising out of the same cause of action, will not abate the suit unless specially pleaded *in limine.*

The court will not supply the plea, although evidence was admitted without objection.

Where the matter relates to property rights of religious societies, the controversy is generally to be decided as other controversies between persons.

*Mandamus* will lie to compel an officer of a religious corporation to deliver records to his successors, who are properly entitled to them.

The books and records being subject to inspection by those having an interest, the corporation is entitled to a prompt remedy to have them restored. C. P., Arts. 831 and 832.

APPEAL from the Civil District Court for the Parish of Orleans. Monroe, J.

---

*Benjamin Rice Forman* for Relator, Appellant.

---

*J. H. Ferguson* and *Edwin T. Merrick* for Defendant, Appellee.

---

Argued and submitted January 26, 1898.
Opinion handed down February 7, 1898.
Rehearing refused March 21, 1898.

---

The opinion of the court was delivered by

BREAUX, J. This was an appeal from a judgment of the District Court quashing the writ of provisional *mandamus* issued and refusing relator's application and dismissing its suit as in case of non-suit.

The relator was incorporated under the laws of this State.

It alleges that respondent, Riedy, was lately acting pastor of its church, and that while he was acting as pastor he took possession of its records and books consisting of—first, the minutes of the sessions of its ruling body in its ecclesiastical capacity; second, minutes of its board of trustees in its civil capacity; third, minutes of its church meetings; fourth, account book and ledger showing the accounts of the church. That he had been suspended by the presbytery from the exercise of his functions as minister of the gospel because he has wrongfully converted to his own use the charitable funds of the church, amounting to nearly eleven thousand dollars.

That he never was the legal custodian of the books and papers, and that he has been called upon to deliver them to those entitled to their possession; that the possession of those books and records is necessary for the proper conduct of the business and affairs of the church. The weight of the testimony sustains the allegations of plaintiff's petition as relates to the books and papers claimed.

Respondent excepted; that relator disclosed no cause of action, and pleaded a general denial. He specially denied that he converted property to his own use. He averred that he was the legal custodian of the records and books which are in his possession; having appealed to higher authority in the church from the order of suspension made by the presbytery.

He testified that the books and papers in his possession are necessary in his defence of the suits pending against him in the District Court. To sustain his appeal in the matter of jurisdiction the president of the Board of Trustees made oath that the value of the property, rights and credits of relator, the conduct and administration of which is, involved, exceed two thousand dollars.

Evidence of another suit being pending between the parties having been admitted in evidence without objection it was urged although defendant had interposed no written exception of *lis pendens* that that plea should be sustained.

We have not found it possible to agree with that position. *Lis pendens* is a special plea in a defence to a mandamus or in any other case. It has been decided that *lis pendens* should be specially pleaded. Bourguignon vs. Destrehan, 5 L. 116. The defence was not noticed for the same reason in Long vs. Long, 3 L. 108; "it was only in argument urged that there was another pending suit," and

the court held "that a plea should have been filed." It has been held that in order to be of any avail as a defence it must be filed *in limine.* Weeks vs. Flower, 9 L. 386; White vs. Gleason, 15 An. 479.

The absence of the plea is not supplied by evidence offered on the trial of the merits.

Moreover we have not found of record the suit invoked in argument as *lis pendens.* There is, however, evidence before the court that there is suit pending against the relator in the Civil District Court.

Respondent informs us that the cause of action is the same in the two actions, while the relator and appellant contends that the suit before the District Court filed in 1897 is not on the same cause of action nor for the same object, and if it were that a withdrawal of the demand for the books obviated all difficulty. We infer that this withdrawal was made in the case just stated.

The court has considered evidence received without objection, where it had bearing upon the merits of a question. We have not found a decision holding that evidence thus admitted will give effect to *res judicata* or *lis pendens,* though not pleaded. It has been repeatedly decided; it must be pleaded; it can not be supplied by the court.

This brings us to the question whether a *mandamus* can issue to compel the respondent to perform certain duties stated in relator's petition.

This court has decided that the provisions of the law of *mandamus* under our Code of Practice is more extensive than it is under the common law. Hatch vs. N. O., 1 R. 470, 512. It follows if *mandamus* is the proper remedy at common law, that it lies under our law.

" The rule is well settled," said Mr. High, in his "Extraordinary Remedies," par. 306, "upon principle and authority, that *mandamus* will lie to compel the surrender and delivery of corporate books and records to the officers properly entitled to them. And where the term of office has expired, either by removal or by lapse of time, and the officer refuses to surrender the corporate records and documents to his successor duly elected and entitled to their custody and control, *mandamus* will go to compel the delivery."

Where the subject matter relates to the property rights of religious societies, it is within the court's jurisdiction. Watson vs. Jones, 13 Wall. 680.

State vs. Brlttin.

In a recent case we held that *mandamus* will lie to compel the board of management of a corporation, in a proper case, to let a shareholder inspect its books. Boursette vs. Gas Co., 49 An. 1556. For the same reason it should go to one who, as treasurer or custodian of a religious corporation who have refused to deliver the corporate records, to compel them to surrender them to the proper ·officer.

These books being subject to inspection as stated, it is reasonable .and proper that the corpòration should have prompt remedy to have its books and other records restored to the proper officer.

It is ordered, adjudged and decreed that the judgment appealed from is annulled, reversed and avoided, and the respondent is ordered to deliver to relator or to the officers of the Immanuel Presbyterian Church the books of account that he kept as treasurer, the minutes of the Board of Trustees, and all other books and papers pertaining to the said church in his possession. Costs of both ·courts to be paid by defendant and appellee.