[S. F. No. 1698. Department Two.—March 29, 1900.]

## THE PEOPLE ex rel. LEWIS G. WEATHERLY, Appellant, v. GOLDEN GATE LODGE NO. 6, BENEVOLENT AND PROTECTIVE ORDER OF ELKS, etc., et al., Respondents.

CORPORATIONS—ARTICLES OF SOCIAL OR BENEVOLENT ASSOCIATIONS—SUBSCRIPTION AND ACKNOWLEDGMENT—VERIFICATION.—The articles of incorporation of benevolent or social associations organized without profit under sections 593 and 594 of the Civil Code must be subscribed and acknowledged by at least five persons in accordance with section 292 of the Civil Code, in addition to the verification required by section 594 of that code.

ID.—CONSTRUCTION OF CODE—NUMBER OF PERSONS INCORPORATING.—Sections 593 and 594 of the Civil Code providing for the incorporation of any number of persons associated together for any purpose where pecuniary profit is not their object, must be read in connection with section 292 of the Civil Code, as not providing for the incorporation of any number less than five persons.

ID.—CONTENTS AND AUTHENTICATION OF ARTICLES—CONSISTENT PROVISIONS.—Effect must be given so far as possible to the consistent provisions of the Civil Code relating to the formation of corporations; and the fact that section 594 provides for the contents of articles of incorporation of the associations mentioned in section 593, in addition to the requirements of section 290, and further provides a mode of verification of such articles, cannot be construed as providing a complete scheme for their authentication, or as dispensing with the additional authentication required by section 292, which is not inconsistent wth sections 290, 593, and 594.

ID.—SUBSTANTIAL COMPLIANCE WITH LAW ESSENTIAL—QUO WARRANTO.— A substantial compliance with the law is essential to the valid organization of a corporation, and it cannot be dispensed with as against an attack upon its validity in an action of *quo warranto.*

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

W. F. Fitzgerald, Attorney General, Tirey L. Ford, Successor, Percy V. Long, Thomas A. McGowan, George E. De Golia, and F. H. Smithson, for Appellant.

The articles of incorporation must have been subscribed and acknowledged by at least five incorporators, to make a corporation de jure. (Civ. Code, sec. 292; People v. Montecito Water Co., 97 Cal. 276; 33 Am. St. Rep. 172; Doyle v. Mizner, 42 Mich. 332; McCallion v. Hibernia Sav. etc. Soc., 70 Cal. 163.)    There must be a substantial compliance with all of the requirements of the law to prove a corporation de jure. (Mokelumne etc. Co. v. Woodbury, 14 Cal. 424; 73 Am. Dec. 658; Harris v. McGregor, 29 Cal. 124; Martin v. Deitz, 102 Cal. 55; 41 Am. St. Rep. 151; People v. Selfridge, 52 Cal. 331; Bergeron v. Hobbs, 96 Wis. 641; 65 Am. St. Rep. 85; Capps v. Hastings Prospecting Co., 40 Neb. 470; 42 Am. St. Rep. 677; Williams v. Hewitt, 47 La. Ann. 1076; 49 Am. St. Rep. 394; Attorney General v. Hanchett, 42 Mich. 436; Stowe v. Flagg, 72 Ill. 397; Bigelow v. Gregory, 73 Ill. 197; Utley v. Union Tool Co., 11 Gray, 139; Unity Ins. Co. v. Cram, 43 N. H. 636; Abbott v. Omaha Smelting Co., 4 Neb. 416; Indianapolis etc. Co. v. Herkimer, 46 Ind. 142; Loverin v. McLaughlin, 161 Ill. 417; Field v. Cooks, 16 La. Ann. 153; Thompson on Corporations, secs. 219, 508; Morawetz on Private Corporations, secs. 27-30.)

Henry H. Davis, and Peter F. Dunne, for Respondents.

Section 292 relates to corporations for pecuniary profit (People v. Montecito Water Co., 97 Cal. 276; 33 Am. St. Rep. 172), but is not applicable to social and benevolent corporations specially organized under title XII, sections 593 and 594 of the Civil Code. Special provisions for the formation of any class of corporations must be those which relate to corporations in general. (People v. Wells, 11 Cal. 329; Franzden v. County of San Diego, 101 Cal. 317.)

COOPER, C.—This action is brought by the attorney general in the name of the people of the state, under section 803

of the Code of Civil Procedure, for the purpose of having it adjudged that the defendants usurp and unlawfully exercise the franchise of a corporation, and to enjoin them from so doing. The court below filed findings and ordered judgment for defendants. This appeal is from the judgment and comes here on the judgment-roll. The object of the action is to determine the question as to whether there has been a valid incorporation of "Golden Gate Lodge No. 6 of the Benevolent Order of Elks of the United States of America." It appears from the findings that prior to December 21, 1894, the said lodge consisted of about one hundred and forty members associated together under the name by which they claim to have incorporated, and that pecuniary profit was not their object. On said date, at a regular meeting, in accordance with the rules, regulations, and discipline of the association, the members thereof resolved and voted to incorporate in accordance with the laws of the state of California. They accordingly elected three directors for the ensuing year. The said election was conducted by two officers named by said association. The articles of incorporation contained substantially the matters required by the statute to be stated, and set forth the holding of the election for directors, the time and place where the same was held, that a majority of the members of such association were present and voted at such election, and the result thereof, which facts were verified by the two officers conducting the election. The articles of incorporation were not subscribed by any other persons than the said two officers and were not acknowledged by anyone unless the verification constituted an acknowledgment. The articles of incorporation so verified by the two officers, but not subscribed nor acknowledged in any other manner, nor by anyone else, were filed with the county clerk and a certified copy sent to the secretary of state, who issued a certificate of incorporation to said lodge under the name herein given. No question is made as to the election, directors, verification as to the facts of the election, and the regularity on its face of the certificate of incorporation. As said by counsel for appellant in their closing brief: "The whole case then comes down to this question: In the formation of a social corporation is it necessary that the articles of incorporation be subscribed and acknowledged by at least five persons?"

A corporation is a creature of and created by the law. "Private corporations may be formed by the voluntary association of five or more persons in the manner prescribed in this article. A majority of such persons must be residents of this state." (Civ. Code, sec. 285.)

"The instrument by which a private corporation is formed is called 'Articles of Incorporation.'" (Civ. Code, sec. 289.)

It is provided in the Civil Code, section 290, that articles of incorporation must be prepared, setting forth certain matters enumerated in the section with particularity under five different heads. Section 292 of the Civil Code is as follows: "The articles of incorporation must be subscribed by five or more persons, a majority of whom must be residents of this state, and acknowledged by each before some officer authorized to take and certify acknowledgments of conveyances of real property."

The above general provisions in regard to the formation of corporations are in part IV of the Civil Code, and apply to all corporations incorporated in the state, unless provision is otherwise made by special statute. It is not claimed in this case that the provisions of section 292 as to subscribing and acknowledging the articles of incorporation were complied with, but it is claimed that the provisions of the said section are dispensed with by virtue of sections 593 and 594 of the Civil Code, which are as follows:

"Sec. 593. Any number of persons associated together for any purpose, where pecuniary profit is not their object, and for which individuals may lawfully associate themselves, may, in accordance with the rules, regulations, or discipline of such association, elect directors, the number thereof to be not less than three nor more than eleven, and may incorporate themselves as provided in this part.

"Sec. 594. In addition to the requirements of section 290, the articles of incorporation of any association mentioned in the preceding section must set forth the holding of the election for the directors, the time and place where the same was held, that a majority of the members of such association were present and voted at such election, and the result thereof; which facts must be verified by the officers conducting the election."

The contention is that these two sections furnish a complete scheme for the incorporation of benevolent or social associations, and that under the provisions thereof the subscribing and acknowledging by five persons is dispensed with. If the sections under which it is claimed that defendants incorporated expressly dispensed with the subscribing and acknowledging of the articles of incorporation, or if they plainly provided an entirely different method of authenticating the articles, the question would present no difficulty, but they do not, and we must determine whether the said sections in effect dispense with the requirements of section 292 of the Civil Code, as to subscribing and acknowledging. The sections of the Civil Code herein cited are all portions of part IV, and must be reconciled and read together, and, if possible, effect given to each. (*Gleason v. Spray*, 81 Cal. 217; 15 Am. St. Rep. 47; *San Diego v. Granniss*, 77 Cal. 511; Pol. Code, secs. 4478, 4480.) Section 593 says "any number of persons" may, in certain cases therein enumerated, "incorporate themselves as provided in this part." We do not think it was the intent of the legislature that less than five persons could incorporate themselves. The expression "as provided in this part" being read with and as a part of the section providing that corporations may be formed by the association of five or more persons, would make the law mean that any number of persons consisting of five or more may incorporate themselves. The section does not say that less than five may become a corporation, and the language "any number of persons as provided in this part" is perfectly consistent with the interpretation that any number of persons consisting of five or more may become a corporation in the manner provided in part IV. The section provides that the number of directors shall not be less than three. It is therefore plain that by the very terms of the section itself a corporation could not be formed by less than three persons. Did the legislature intend that three or four persons could incorporate themselves? If so, in case of three persons incorporating themselves they would each be a director of the social corporation. The requirements of section 290, so far as they apply to a social corporation, are by section 594 expressly required to be set forth in the articles of incorporation of any such association. The

section further provides that in addition to the requirements
of section 290 the articles must set forth the holding of the
election for directors, the time and place where the same was
held, that a majority of the members of such association were
present and voted at such election, and the result thereof, which
facts must be verified by the officers conducting the election.
Instead of dispensing with any of the requirements of section
290, the legislature added to them by requiring certain facts
to be sworn to.   This was evidently for the purpose of having
at least some evidence in the articles of incorporation that the
association at an election decided to incorporate.   The section
does not state that the result must have been in favor of in-
corporating, but that the result of the election must be stated
in the articles.   Now, while the section *ex industria* adds to the
general requirements of the articles of incorporation, it does
not say a word as to the articles being subscribed and acknowl-
edged.   It does not dispense with any other provision of the
statute.   The articles of incorporation constitute the instru-
ment by which it is formed.   The necessary requisites of the in-
strument are set forth in sections 290 and 594 of the Civil Code.
There is nothing required to be set forth inconsistent with the
requirements that it must be subscribed and acknowledged by
five persons.   We are not at liberty to dispense with the re-
quirements of section 292, and we do not think the legislature
has done so.   This construction is not in the least inconsistent
with sections 290, 593, and 594.   Section 290 provides that in
corporations formed for social purposes the number of directors
may be provided in the constitution or by-laws of the association.
If we were to read sections 593 and 594 by themselves, we would
have no provision for filing the articles of incorporation with
the county clerk and a certified copy with the secretary of state
as provided in section 296.   Under said section this must be
done before a corporation can in fact become a body politic and
corporate.   After this is done, "the persons signing the articles
and their associates and successors shall be a body politic and
corporate."   We are referred to section 603 in regard to reli-
gious societies as authority that the signing and acknowledging
may be dispensed with.   The section is not in point, because
it expressly provides that the certificate of incorporation "shall

be sufficiently signed and attested by the signature of the presiding officer and secretary of the representative convention, synod, or other such body in which the election is held." We are also referred to the act of March 28, 1874, in regard to mutual beneficial associations. (Stats. 1873-74, p. 745.) The act provides for the formation of such association and the contents of the verified certificate by which it is formed, "and the names of the officers selected to hold office for the first three months, and shall be signed by said officers and verified by at least three of them." It, therefore, throws no light upon the question here. If the legislature intended to dispense with the subscribing and acknowledging of the articles it could have said so. As the necessity for subscribing and acknowledging the articles is expressly dispensed with as to religious societies and mutual beneficial associations, but not as to the class in question here, we might apply the maxim, *Expressio unius personae vel rei est exclusio alterius.*

We see no hardship in requiring such signature and acknowledgment. It would certainly tend to show that the persons so signing and acknowledging were acting in good faith. . In any event, under the rule generally followed in this country we are not at liberty to say that a substantial compliance with the statute can be dispensed with. (1 Thompson on Corporations, sec. 225; 1 Morawetz on Private Corporations, sec. 27; *People v. Stockton etc. R. R. Co.,* 45 Cal. 313; 13 Am. Rep. 178; *People v. Selfridge,* 52 Cal. 331.)

In the case of *People v. Montecito Water Co.,* 97 Cal. 276, 33 Am. St. Rep. 172, it was held that when the articles of incorporation were subscribed and acknowledged by only four of the incorporators instead of five that it was a fatal defect. The authorities are fully reviewed and in the opinion it is said: "Section 292 of the Civil Code required the articles to be subscribed and acknowledged by each. As this is an express condition precedent to a valid incorporation, it is not of consequence to the court whether it be a wise or necessary requirement or not. Still, it is easy to see a reason for it. The certificate secures the state and all concerned against the possibility of any fictitious names being subscribed to the articles, and furnishes proof of the genuineness of the signatures."

It is evidently contemplated that members of the association shall sign and acknowledge the articles. If other persons than members of the association should incorporate without authority of the association, under the same name, it might be annoying, but we can no more suppose such case than we could suppose any other corporation might be so formed of the same name as an existing corporation. After the association becomes legally incorporated it has the same right as other persons to resort to the courts for protection.

The judgment should be reversed and the cause remanded, with directions to the court below to enter judgment on the findings in favor of plaintiff and in accordance with this opinion.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded, with directions to the court below to enter judgment on the findings in favor of plaintiff and in accordance with this opinion.

Temple, J., Harrison, J., McFarland, J.