[Civ. No. 7008. Second Appellate District, Division Two.—January 4, 1932.]

ASSEMBLA CRISTINA NEL NOME DI GESU (a Corporation) et al., Respondents, v. PIETRO ZAMPELLI et al., Appellants.

Caesar A. Roberts for Appellants.

Praeger & Biddle and Arnold Praeger for Respondents.

CRAIG, J.—The respondent corporation and its duly elected directors and officers petitioned the Superior Court of Los Angeles County for a writ of mandate, directing the defendants and appellants to deliver to the petitioners the corporate books and records which were withheld by said defendants, whom the petitioning directors had theretofore

succeeded. The writ was granted as prayed, and the defendants appealed.

The evidence and findings of fact below are not here questioned. Section 599 of the Civil Code provides that corporate powers, business and property of corporations formed for purposes other than profit, as was the one here in question, may be exercised, conducted and controlled by a board of directors. Section 310 of the same code also provides that such board may be removed from office by a vote of two-thirds of its members at a general meeting called by previous notice of the time and place thereof.

Appellants' assertions of procedural defects in the election and incidental errors are not sufficiently supported to justify comment. Unquestionably the internal affairs of religious corporations like those of any others are vested exclusively in the directors. The books and records here in dispute are the property of the church corporation. The general provisions of Part IV of the Civil Code apply to all corporations formed within this state, unless provision is otherwise made by special statute removing particular institutions from their purview in specified instances. (*People ex rel. Weatherly* v. *Golden Gate Lodge No. 6, B. P. O. E.,* 128 Cal. 257 [60 Pac. 865]; *Hooper* v. *Stone,* 54 Cal. App. 668 [202 Pac. 485].) No such exception is directed to our attention. Hence, *mandamus* will lie to compel the delivery of the church books, records and papers by outgoing officers to their successors, and the rule has been so enforced in similar cases in other jurisdictions. (*State* v. *Biedy,* 50 La. Ann. 258 [23 South. 327]; *Proprietors of St. Luke's Church* v. *Slack,* 7 Cush. (Mass.) 226.)

Other grounds urged by the appellants arise from an erroneous premise as to illegality of the acts of a majority of the members, and for reasons already stated are untenable.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 3, 1932, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 3, 1932.