On August 3, 1943, the plaintiff filed a suit against the defendant in the District Court of East Baton Rouge Parish to foreclose a chattel mortgage covering certain refrigerators and equipment on which there was alleged to be a balance due of $580, interest and attorneys fees. No further action was taken in the foreclosure proceeding until April 17, 1944, when a motion was filed by plaintiff's attorney and an order signed by the judge to withdraw the chattel mortgage note from the record of the suit on filing a copy of the note in the record. This was done, and on April 18, 1944, the present suit was filed by the plaintiff against the defendant on this note asking for a personal judgment against the defendant for the balance due, interest and attorneys fees of 25 per cent.
Citation was served on the defendant in the present suit on April 18, 1944, and he appeared and filed an exception of lis pendens on May 3, 1944, setting up the pendency of the foreclosure suit. On the following day, the plaintiff moved for and obtained a dismissal of the foreclosure suit at its cost, and on the same day asked for and obtained a preliminary default in the present suit. On May 15, 1944, defendant filed a motion to dismiss the suit on the ground that plaintiff had dismissed the foreclosure suit after the present suit was filed and had taken a default on the same day the other suit was dismissed.
[1] The exception of lis pendens was overruled, and an exception of no cause and no right of action was filed and overruled. Reserving all rights under the exceptions and motions, defendant filed an answer making, in effect, a general denial, and reurging the exception. On the trial, plaintiff offered in evidence only the petition and note sued on, and the defendant offered the record in the foreclosure suit which offering was objected to by counsel for plaintiff, and the objection was sustained by the court. The court rendered a personal judgment in favor of plaintiff against the defendant as prayed for, and the defendant has appealed. In our opinion, counsel for the defendant had a right to introduce in evidence the record of the foreclosure suit for the purpose of showing the pendency of another suit at the time the default was taken, as it is urged as a defense in the answer that a default was prematurely taken; that the plaintiff was estopped from proceeding in this suit by ordinary process as it had already instituted a suit to foreclose by executory process. The record in the first suit has been sent up with the transcript on the appeal, and we will consider the record only for the purposes for which it was offered.
[2-4] An examination of the record in the foreclosure suit fails to show that any citation or notice to pay was ever served on the defendant. Neither did the defendant make any appearance in that suit. Article 359 of the Code of Practice provides that the service of a citation on the defendant is the foundation of the action, and the suit does not begin until the defendant is cited. There is no suit pending between the parties until the defendant is cited or makes an appearance in the suit. Commercial National Bank v. Henderson, La. App., 173 So. 790. It follows that the plea of lis pendens filed by the defendant in the present suit had no effect on this proceeding. The exception of lis pendens does not tend to defeat the demand, but merely seeks to decline the jurisdiction of the court. Until the exception is filed and the question raised the court may legally proceed with the action. State ex rel. Immanuel Presbyterian Church v. Riedy, 50 La. Ann. 258, 23 So. 327. The court not only *Page 21 
had a right to proceed in the present case up to the time the plea of lis pendens was filed, but it also had a right to proceed after the plea was filed for the reason there was no other suit legally pending.
As an alternative plea, the defendant insists that there is no proof in the record to support that part of the judgment condemning him to pay 25 per cent attorneys fees, and that the judgment should be amended by disallowing the attorneys fees. The note itself does not provide for attorneys fees but merely refers to a chattel mortgage which provides for attorneys fees. Only the note was introduced in evidence by the plaintiff.
[5, 6] Learned counsel for plaintiff practically concede that the mere introduction in evidence of the note which does not itself provide for attorneys fees is not sufficient to support the judgment for attorneys fees, even though the note refers to a chattel mortgage, not introduced, which does fix the attorneys fees. They contend, however, that the defendant has admitted liability for the attorneys fees because of his failure to specifically deny the allegation of fact in the petition relative to the execution of the chattel mortgage by him, in which chattel mortgage it is alleged in the petition the defendant agreed to pay 25 per cent attorneys fees in case the note is placed in the hands of an attorney for collection or suit is brought thereon. The defendant denied these allegations for lack of sufficient information to justify a belief.
The allegation is made in article 3 of the petition that the note (referring to the note sued on and described in the preceding article) is paraphed to identify it with an act of chattel mortgage passed on a certain date, before a named notary public, and recorded in the conveyance records of the Parish of East Baton Rouge; that said note provides that a provision for attorneys fees is included in the chattel mortgage which fees are fixed in said chattel mortgage at 25 per cent of the amount due and exigible. We agree that it would have been better practice and more in line with the spirit and purpose of the Pleading and Practice Act for the defendant to have either admitted or denied the material allegations of this article, including the execution of the note and mortgage and the contents of the chattel mortgage relative to attorneys fees, and if he did admit the execution of the mortgage, then make the additional allegation that the chattel mortgage itself is the best evidence of its contents. Had the defendant made such admission, it would still have been incumbent on the plaintiff to prove the contents of the chattel mortgage relative to attorneys fees by the introduction of the document. While the defendant may have been bound to know whether or not he executed the chattel mortgage, he was not bound to know and admit all of its contents when he is not shown to have had possession of the document at the time he filed his answer. He was entitled to rely on the document itself as proof of its contents unless and until plaintiff could have shown that the document could not be produced.
The plaintiff is required to prove his claim on which he asks the court to render a judgment against the defendant. Having failed to prove in a legal manner the agreement of defendant to pay attorneys fees, the judgment must be amended so as to disallow the attorneys fees.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby amended by disallowing the attorneys fees, and as thus amended the judgment is affirmed; plaintiff to pay the cost of the appeal, and the defendant to pay all other costs.