REGAN, Judge.
Plaintiff, Richard Estopinal, instituted this suit against Dr. Ambrose H. Storck and Mrs. Elsa Storck Taylor, endeavoring to recover as damages the sum of $1,500, by virtue of the provisions of Article 838 of the LSA-Civil Code in that plaintiff has been damaged as the ultimate result of a survey made for the defendants.
Defendants pleaded, among other exceptions, that of lis pendens. Thereupon plaintiff responded with a plea of estop-pel.
From a judgment in favor of defendants dismissing plaintiff’s.suit, he has prosecuted this appeal.
The record reveals that plaintiff and the defendants own adjoining tracts of land in the Parish of St. Bernard, Louisiana. The land owned by defendants is held by them in indivisión. During the year 1940, the defendants obtained plaintiff’s consent to enter his land for the purpose of making a survey. They employed the late Frank H. Waddell, who made a survey of these adjoining properties and established what he considered to be the correct boundary line between them. Plaintiff has always insisted that Waddell’s survey is incorrect, specifically in its location of the 'boundary line.
Shortly after the completion of this survey by Waddell, defendants filed a boundary suit against the plaintiff, however, the parties were apparently unable to agree upon a surveyor and, therefore, counsel for plaintiff requested that the defendants dismiss their boundary action in order to per *465 mit plaintiff to institute his own boundary-suit and thereby conclude the controversy. Defendants, in conformity with this request, dismissed their boundary suit, whereupon plaintiff instituted his own boundary suit which is designated as No. 3513 of the docket of the Twenty-Fifth Judicial District Court for the Parish of St. Bernard. This boundary suit has never been tried, is still pending and forms the basis for the exception of lis pendens filed 'by defendants in these proceedings. In this boundary suit plaintiff attacked the Waddell survey and requested the court, a qua, to appoint R. P. Rordam surveyor and that he be ordered to proceed with a survey after due notice to the parties. However, the appointment of the surveyor by the court was not made. Defendants in due course answered this petition. Rordam, as we have related, was not at this time appointed nor did he execute this survey, but in spite thereof defendants received a notice of trial of this case from counsel for plaintiff. Counsel for defendants appeared on the day fixed for trial and the judge of the court, a qua, apparently recognized that the case was not ready therefor in view of the fact that a surveyor had never been appointed and the prerequisites for a boundary suit had not been fulfilled, therefore, with the consent of both counsel, he actually appointed Rordam surveyor in those proceedings. Rordam did not make the survey and the judge of the court, a qua, was of the opinion that the reason therefor was “plaintiff refused to have the survey made.” That record now reflects only the following pleadings: petition, answer and order appointing Rordam surveyor.
With the boundary suit occupying the status as revealed hereinabove, plaintiff instituted this present suit for damages, thereupon defendants pleaded, among other exceptions, that of lis pendens.
The court, a qua, maintained the exception of lis pendens and the only question posed for our consideration on appeal is whether this exception was properly sustained.
In the instant case the record reveals that the parties litigant and the issues are identical to those encompassed by the boundary suit. Plaintiff claims damages as a result of trespass committed by defendants, which trespass is based solely on the presumption that the Waddell survey was incorrect, but, as the judge, a qua, points out, how can the question of damages for trespass be determined until the correct boundary has been judicially established?
It is now well settled that since the amendment of Article 94 of the Code of Practice by Act 62 of 1918, an exception of lis pendens is properly pleaded where plaintiff urged the same cause of action in two separate suits before the same or separate courts. The pertinent portion of Article 94 reads:
“ * * * The same cause can not be brought before the same or separate courts, though they be possessed of concurrent jurisdiction, except by discontinuing the suit first brought before the answer is filed. * * * ”
We find no merit to plaintiff’s plea of estoppel.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.