REGAN, Judge.
Plaintiff, Steve D’Asaro, instituted this suit against defendants, Thomas W. Sawyer, his wife, Alice V. Sawyer, and Joseph M. Jones, in conformity with the provisions of LSA-R.S. 47:2228, endeavoring to quiet a tax title.
A curator ad hoc was appointed by the court to represent the first named defendants and no pleadings appear in the record on their behalf.
Defendant, Jones, responded and pleaded, among other exceptions, that of “no right of action” or lis pendens.
From a judgment in favor of defendant maintaining the exception and dismissing plaintiff’s suit as of non-suit, he has prosecuted this appeal.
Plaintiff’s petition reveals that the property in litigation was bid in and adjudicated to him at a tax sale made by the City of of New Orleans on July 10, 1950, for the unpaid taxes due the City of New Orleans for the year 1949; that in confirmation of this adjudication the City, on August 4, 1950, by Act before Jacob H. Morrison, the City’s Notary Public, executed a tax deed to plaintiff which was registered in COB 570, Folio 607 on August 9, 1950.
The assessed name in which the property was sold was that of Sam Ciolino, who was the record owner thereof at the time the assessment for the year of 1949 was made; on August 27, 1948, Ciolino conveyed the property, through the Pelican Homestead Association, to Mr. and Mrs. Thomas W. Sawyer, who were the record owners at the time of the advertisement and tax sale; the Sawyers then conveyed the property, through the Globe Homestead Association, to Joseph M. Jones, on November 14, 1950.
The suit to quiet the tax title was filed by D’Asaro on August 31, 1954, and Mr. and Mrs. Thomas W. Sawyer and Joseph M. Jones were made defendants.
A curator ad hoc was appointed to represent the defendants, Mr. and Mrs. Sawyer, if living, and their heirs, if they were dead, and they were served with notice, petition and citation on September 8, 1954, through the curator. The defendant, Jones, was not served until January 14, 1955.
However, before the petition and citation were served on Jones, on November 19, 1954, he filed what has been termed an action in jactitation against D’Asaro, the plaintiff in the present suit, in which Jones alleged that he was the owner and in possession of the property in dispute and that D’Asaro was slandering his title by having-registered the tax deed above referred to and that he had been damaged thereby in the amount of $1,000. Jones then requested that D’Asaro be cited and ordered to either disclaim any title whatsoever to the property or to assert therein such rights as he may have against the property; that, after due proceedings had and legal delays, there be judgment herein in favor of him and against D’Asaro cancelling the inscription of the pretended title of D’Asaro to the aforesaid property as registered in COB 570, Folio 607, condemning D’Asaro to pay to Jones the sum of $1,000 as damages with legal interest thereon from the date of judicial demand until paid.
This suit was tried on February 15, 1956 and judgment was rendered in the Civil District Court in favor of Joseph M. Jones and against Steve D’Asaro, ordering the cancellation of the tax sale unless D’Asaro filed a petitory action within sixty days from the rendition of the judgment.
In the present suit, as we have related hereinabove, Jones pleaded the exception of lis pendens predicated on the fact that his action was pending. This exception *348 was maintained by the lower court and plaintiff’s suit dismissed as of non-suit.
The only question which the pleadings have posed for our consideration is one of law and that is whether a plaintiff may prosecute a suit to quiet a tax title after he has been made a defendant in a previous suit which was intended to cancel the tax title ?
While it is true that D’Asaro filed this suit to quiet a tax title on August 31, 1954, in view of the fact that he did not cause citation to issue and be served upon Jones until January 14, 1955, this suit was not legally commenced until that date. Code of Practice Art. 359; Canada v. Frost Lumber Industries, Inc., La.App.1942, 9 So.2d 338; Commercial Nat. Bank in Shreveport v. Henderson, La.App.1937, 173 So. 790; General Electric Contracts Corp. v. Murray, La.App.1944, 20 So.2d 19. At that time Jones had already instituted his suit on November 19, 1954 and that action had been perfected through valid service of process on D’Asaro. Therefore, Jones’ suit was legally instituted prior to D’Asaro’s suit, although the latter one was chronologically first.
In the jactitation or slander of title suit, usually the only issues involved are the possession of the plaintiff and the slander by the defendant. However, when the defendant, in his answer thereto, not only denies plaintiff’s possession, but his ownership thereof, and tenders to the court the question of title, it appears to us that the issues then posed for the court’s consideration have thereby changed.
We are, therefore, of the opinion that the judge of the Court below was correct in maintaining the plea or exception of lis pendens since the character of both suits, as reflected by the prayer of each, rather than the appellation given to the action by the parties, indicates that they encompass the same subject matter, substantially the same parties, and have as their objective the same result, that is, determination of ownership.
In the relatively recent case of State ex rel. Marston v. Marston, 1953, 223 La. 1046, 67 So.2d 587, 589, the organ of the Supreme Court in discussing a similar problem said:
“It is well settled that the pleas of res judicata and lis pendens bear a strong analogy and that a fair test of lis pendens is to inquire whether a final judgment in the former suit would be res judicata in the latter, if it would then the exception of lis pen-dens is well pleaded. Dick v. Gilmer, 4 La.Ann. 520; Bischoff v. Theurer, 8 La.Ann. 15; Exchange National Bank v. Holomon Bros., 177 La. 537, 148 So. 702.
“It is stated in Dick v. Gilmer, supra, a land mark case, viz.:
“ ‘There is a strong analogy between the pleas of res judicata and litispendence; and it is a fair test * * * to enquire whether, if there were final judgment in the former suit, such judgment would support the plea of res judicata in this. Exceptioni rei judicatae affinis admodum est ex-ceptio litis pendentis. Voet, De Ex-ceptionibus.
“ ‘The exception of litispendence rests on a wise public policy. Were it not recognized by the law, the consequences, as is well remarked by Merlin, would be not less absurd than dangerous. Suits might be indefinitely multiplied, and the citizen would be exposed to the expense and annoyance of several attacks, at the same time, for the same matter. The simplicity and uniformity which should reign in the administration of justice, might be superseded by the confusion and contradiction of different proceedings and judgments upon the same subject.’ ”
See, also, Estopinal v. Storck, La.App. 1953, 63 So.2d 464.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.