# THE PEOPLE, APPELLANT, *v.* THE MONTECITO WATER COMPANY ET AL., RESPONDENTS.

QUO WARRANTO — USURPATION OF CORPORATE FRANCHISE — PARTIES — CORPORATION DE FACTO — PLEADING — ESTOPPEL. — In a proceeding by the state in the nature of a *quo warranto* to deprive a corporation *de facto* of its corporate charter and procure its dissolution on the ground of a want of substantial compliance with the statutory requirements in its formation, the corporation *de facto* is a necessary party, and making it such, with the averment that it is a corporation *de facto*, but not *de jure*, does not estop the state from questioning its corporate character.

ID. — FORMATION OF CORPORATION — COMPLIANCE WITH STATUTE. — The right to be a corporation is a franchise, to acquire which the prescribed statutory conditions for the formation of the corporation must be substantially complied with, without the omission of any requirement, though a substantial rather than a literal compliance with each provision of the statute will suffice.

ID. — ARTICLES OF CORPORATION — INSUFFICIENT ACKNOWLEDGMENT. — The requirement of section 292 of the Civil Code, that articles of incorporation must be subscribed and acknowledged by five or more persons, is a condition precedent to a valid incorporation; and the acknowledgment of the articles by only four of the incorporators renders the articles fatally defective, as against the state, and a proceeding in *quo warranto* may be instituted by the state to dissolve such corporation.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*John J. Boyce, Richards & Carrier,* and *George H. Gould,* for Appellant.

*W. C. Stratton,* for Respondents.

TEMPLE C. — Plaintiff appeals from a judgment entered upon demurrer to complaint.

The demurrer was general, and on the ground of insufficiency of the facts.   It is a proceeding taken by the attorney-general of the state in the nature of a *quo warranto* to deprive the defendant corporation of its corporate charter, and procure its dissolution on two grounds: 1. For want of a substantial compliance with the statutory requirements in its formation; and 2. For abandon-

ment and misuse of its corporate franchise and powers, and for alleged violations of law.

In answer to the first point, the respondent raises the preliminary objection that by making the corporation a defendant, its corporate character is admitted, and cannot be questioned in this proceeding. As authority for this proposition, the case of *People* v. *Stanford,* 77 Cal. 360, is chiefly relied upon.

In that case it was alleged in the complaint that the assumed corporation had never been a corporation. If it were not a corporation of any character, it had no legal existence, and could not be sued. By making it a party, plaintiff conceded that it was a person that could be sued. It was said that the corporation could not be treated as a person which could be sued simply to obtain a judgment that it was not and never had been such a person. There is no such inconsistency here. It is averred that the corporate defendant is a corporation *de facto,* but it is claimed that it did not become a corporation *de jure,* because the persons who attempted the incorporation did not comply with the conditions which the statute makes conditions precedent to its rightful incorporation. Under such circumstances, although the association is a legal entity, which may be sued, its right to corporate existence may be questioned by the state in a proceeding of this character. (Civ. Code, sec. 358.)

This court said in *People* v. *La Rue,* 67 Cal. 530, and repeated the language in *First Baptist Church* v. *Branham,* 90 Cal. 22: "A corporation *de facto* may legally do and perform every act and thing which the same entity could do or perform were it a *de jure* corporation. As to all the world except the paramount authority under which it acts, and from which it receives its charter, it occupies the same position as though in all respects valid; and even as against the state, except in direct proceedings to arrest its usurpation of power, it is submitted, its acts are to be treated as efficacious."

Under such circumstances, it seems clear that the cor-

poration is not only a proper but a necessary party. (*People* v. *Flint*, 64 Cal. 49; *People* v. *Gunn*, 85 Cal. 244.) It is contended that the corporation is not rightfully such, because, while five incorporators signed the articles of incorporation, only four acknowledged the same.

Section 292 of the Civil Code reads as follows: ." The articles of incorporation must be subscribed by five or more persons, a majority of whom must be residents of this state, and acknowledged by each before some officer authorized to take and certify acknowledgments of conveyances of real property."

It was said in *People* v. *Selfridge*, 52 Cal. 331: " The right to be a corporation is in itself a franchise; and to acquire a franchise under a general law, the prescribed statutory conditions must be complied with." Still, a substantial rather than a literal compliance will suffice. (*People* v. *Stockton etc. R. R. Co.*, 45 Cal. 313; 13 Am. Rep. 178.) Was there a substantial compliance in this case?

Because a substantial compliance will do, it does not follow that any positive statutory requirement can be omitted on the ground that it is unimportant. They are conditions precedent to acquiring a statutory right, and none can be dispensed with by the court.

What is a substantial rather than a literal compliance may be illustrated from the cases. In *Ex parte Spring Valley Water Works*, 17 Cal. 132, the certificate stated the place of business, but did not describe it as the " principal place of business," as required. The court said: " The statement that San Francisco was *the* place of business would seem to imply that it was not only the principal but the only place of business."

In *People* v. *Stockton etc. R. R. Co.*, 45 Cal. 306, 13 Am. Rep. 178, the affidavit required in such cases to be attached to the certificate stated that ten per cent of the amount subscribed had been actually paid in, omitting the words "in good faith," which the statute required. In the certificate it was stated that more than ten per cent had been actually in good faith paid in. It was

held sufficient; and it would seem that if it was actually paid in cash, it must have been paid in good faith.

And it was further held that payment by checks drawn against sufficient funds in a bank, which was ready to accept and pay the checks, was substantially payment in cash.

In *People* v. *Cheeseman*, 7 Col. 376, the acknowledgment taken by the notary omitted to state that the persons whose acknowledgments were taken were personally known to the notary. The certificate did state that the persons who signed appeared before him and acknowledged it. The statute did not prescribe what the acknowledgment should contain, and it was held a substantial compliance with the requirement, although the form prescribed for acknowledgments to deeds was not followed. It was acknowledged.

In all these cases it will be seen that the thing required was done, but not literally, as directed. But there was no omission of any requirement. No case has been cited where the entire omission of a thing prescribed has been excused, unless it be the case of *Larrabee* v. *Baldwin*, 35 Cal. 155. That was not an action instituted by the state to disincorporate on the ground of non-compliance. As we have seen, unless the state complains, a *de facto* corporation must be considered, under our code, as possessing a corporate character, and the stockholders, when sued upon their individual liability, should not be allowed to make the point that they did not comply with the law.

In that case the certificate was signed by five directors, but two failed to acknowledge it. Other questions are discussed at great length in the opinion, but in regard to the point made on the certificate it was simply remarked: "It is not clear that any fatal defect exists in the certificate of incorporation. If so, it is cured by the act of April 1, 1864." Plainly, it was unnecessary to consider the question.

The curative act referred to declares: "All associations or companies heretofore organized and acting in the

form or manner of corporations, and that have filed certificates for the purpose of being incorporated, but whose certificates are in some manner defective, or have been improperly acknowledged before a person not authorized by law to take such acknowledgments, are hereby declared to be and to have been corporations from the date of the filing of such certificates, in the same manner and to the same effect and intent as if such certificates were without fault and properly acknowledged before the proper officer, and all such certificates are hereby validated and declared to be legal, and shall have the same force and effect as if such certificates were free from all fault or defect, and were properly acknowledged," etc. (Stats. 1863–64, p. 303.)

Section 292 of the Civil Code required the articles to be subscribed and acknowledged by each. As this is an express condition precedent to a valid incorporation, it is not of consequence to the court whether it be a wise or necessary requirement or not. Still, it is easy to see a reason for it. The certificate secures the state and all concerned against the possibility of any fictitious names being subscribed to the articles, and furnishes proof of the genuineness of the signatures.

If the acknowledgment can be dispensed with as to one, why not as to two, or three, or all?

Ordinarily, no doubt the state would not be expected to institute a proceeding of this character for such a defect alone, and we must presume that the attorney-general would not have instituted this inquiry, if he were not convinced that there were reasons sufficient to justify it. Other reasons are alleged, but as the statute authorizes a proceeding to forfeit the charter where the statute has not been complied with, although the corporation is acting in good faith, and is a *de facto* corporation, the complaint must be held to state a cause of action, and the demurrer should be overruled.

The judgment should be reversed, and the cause remanded, with directions to overrule the demurrer.

Haynes, C., and Belcher, C., concurred.

For the reasons given in the foregoing opinion, the judgment is reversed, and the cause remanded, with directions to overrule the demurrer.

De Haven, J., McFarland, J., Fitzgerald, J.