AUDREY A. PALMER *vs.* THEODORA PALMER ET AL.,
ADMINISTRATORS.

Second Judicial District, Norwich, October Term, 1927.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

An appellant who files a motion for extension of time to proceed with the correction of the finding under the method prescribed by §§ 5829, 5830 and 5831 of the General Statutes, does not thereby waive the right, upon the denial of his motion, to pursue the alternative method found in § 5832.

An extension of time for filing an appeal does not carry with it an extension of time for filing a copy of the evidence which, under § 5832, must be done within one week after the finding is filed unless the trial court shall for due cause extend the time.

Argued October 18th—decided December 12th, 1927.

MOTION filed in this court by the plaintiff-appellant to require the trial court (*Avery, J.*) to certify a copy of all the evidence and rulings in the case in connection with her appeal taken under § 5832 of the General Statutes. *Motion denied.*

PLEA IN ABATEMENT to the appeal filed in this court by the appellees to which the appellant demurred. *Demurrer overruled.*

MOTIONS by the appellees to dismiss the appeal and to erase it from the docket. *Motions denied.*

*John J. Dwyer,* for the appellant (plaintiff).

*Frank L. McGuire* and *Charles Hadlai Hull,* for the appellees (defendants).

PER CURIAM. The filing by the plaintiff of the motion to extend the time for the correction of the finding did not constitute the exercise of an option to proceed under the method for correcting a finding found in General Statutes, §§ 5829, 5830, and 5831. Plaintiff had the right, upon the denial of this motion, to proceed under the method for the correction of a finding found in General Statutes, § 5832. *Hartford-Connecticut Trust Co.* v. *Cambell,* 97 Conn. 251, 116 Atl. 186. This method requires the filing of a copy of the evidence within one week from the filing of the finding, unless the court shall for due cause extend the time for filing such copy.

On motion of the plaintiff the trial court extended the time for filing the appeal. This did not extend the time for filing the copy of the evidence. The plaintiff filed his appeal within the extension granted by the court, but he did not then or thereafter move to extend the time for filing the evidence. Nothing further appears to have been done until September 7th, when the trial judge refused to certify the evidence upon the ground that it was not filed with the clerk within the time prescribed by § 5832. On October 10th, the appellant-plaintiff moved in this court for an order that the evidence and rulings be certified and printed in accordance with the provisions of General Statutes, § 5832. The essential allegations of this motion are admitted; in them we find no facts alleged which would have constituted due cause and required the trial judge to have certified the evi-

Jennes *v.* Norwich.

dence. His refusal and the ground upon which it was based were in accordance with our practice.

The motion to order the trial court to certify the evidence and rulings is denied.

The demurrer to the plea in abatement of the appeal is overruled.

The motions to erase, and to dismiss the appeal are denied.