**COMMISSIONER OF INTERNAL REVENUE v. GODFREY.**

**SAME v. FIRST NAT. BANK OF BRIDGEPORT, CONN.**

**Nos. 201, 202.**

Circuit Court of Appeals, Second Circuit.

May 18, 1931.

G. A. Youngquist, Asst. Atty. Gen., and Sewall Key and Norman D. Keller, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Stanley Suydam, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for petitioner.

Harvey K. Zollinger, of New York City (Marion W. Ripy, of New York City, of counsel), for respondents.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

These cases will be considered in one opinion. In 1918, the Yalelms Corporation's income and profits tax was $95,580, a claim for which is asserted against the respondents, stockholders, officers, and transferees of the property of the corporation. Section 280, Revenue Act of 1926, 44 Stat. 9, 61 (26 USCA § 1069). The question presented on this appeal is whether or not the statute of limitations has barred the assessment of the taxes, or any part thereof, against the respondents as such transferees, under the act. The First National Bank of Bridgeport, Conn., is executor of the estate of Charles G. Waldo, deceased, and Godfrey is an individual; both were distributees of the Yalelms Corporation on its dissolution. Before its dissolution, the Yalelms Corporation was organized and existed under the laws of Connecticut, engaged in a manufacturing business, at Bridgeport, Conn. It was originally incorporated as the Compressed Paper Box Company. It filed its corporation tax returns for the year in question. It changed its corporate name to the Yalelms Corporation and after the abandonment of its original name a new corporation was organized under the name of the Compressed Paper Box Company which became the purchaser of the assets of the Yalelms Corporation. This corporation assumed the debts of the older corporation and gave promissory notes secured by a pledge of preferred stock of the Compressed Paper Box Company. It caused to be published, according to the Connecticut statute, in a Bridgeport newspaper, the following notice:

"Notice is hereby given that it is proposed to dissolve the Yalelms Corporation, a Connecticut Corporation having its principal of-

fice in Bridgeport, Connecticut. The time within which claims against said Corporation may be presented is hereby limited to January 1st, 1923. All claims shall be presented in writing to the Yalelms Corporation, % Hubbard and Hall, Attorneys, 608 Security Building, Bridgeport, Connecticut. All claims not so presented within said period will be barred.

> "The Yalelms Corporation,
> "By Its Board of Directors,
> "Per Hubbard & Hall, Attys."

On December 16, 1922, the Board of Directors filed in the office of the secretary of state of Connecticut a preliminary certificate of dissolution by agreement of stockholders entered into on August 26, 1922. The corporation's board consisted of Godfrey, president, Waldo, treasurer, and Hayward, secretary. Godfrey and Waldo owned 59 and 36 per cent., respectively, of the capital stock of the corporation.

■ The Compressed Paper Box Company filed its return for 1918 and paid a tax as shown therein. The petitioner reaudited the return and made an additional assessment in November, 1925, of $83,682.40. On May 22, 1926, the petitioner by letter notified the respondent Godfrey that he had determined a liability assessment against him, as transferee, of the income tax due from the corporation for the year 1918. On January 18, 1924, the Compressed Paper Box Company signed and delivered a waiver effective for one year only as to the statutory limitations on the time within which the assessments based upon such liability might be entered. On January 6, 1925, it executed another waiver to remain in effect until December 31, 1925.

The Board of Tax Appeals held that, while the petitioner's determination respecting the respondent's liability as transferee of the assets was correct, still such liability was barred by the statute of limitations. Has the statute run against the assessment of liability of $83,682.40 made in November, 1925, as extended by the waivers? This assessment was made after the enactment of the Revenue Act of 1924 (43 Stat. 253), and is not affected by the decision in Russell v. United States, 278 U. S. 181, 49 S. Ct. 121, 73 L. Ed. 255, and could have been collected from the transferee within six years after the assessment, or prior to November, 1931. This period of six years had not expired prior to the enactment of the Revenue Act of 1926

or prior to the date of the respondent's notice, and collection was not barred under prior or acts at the time such notice was mailed. The first waiver, given January 18, 1924, was within the statutory period of limitation for assessment and extended the time to January 18, 1925. It was signed by Godfrey as president. On January 6, 1925, within the statutory time for assessment, as extended by the waiver, a second waiver was given, signed by Godfrey, "president, trustee in liquidation," and remained in effect until December 31, 1925. If the second was valid, it was sufficient to extend the period beyond the date of the actual assessment, since a waiver given after the statute has expired is valid and effective.

■ The Yalelms Corporation was a continuation of the Compressed Paper Box Company, and, at the time the first waiver was signed, the corporation was in the process of dissolution by consent of its stockholders. Sections 3446, 3447, 3451 of the General Statutes of Conn., 1918 Revision. Under these sections, the directors of the corporation became trustees charged with the duty of closing up the business of the corporation. General Statutes of Conn. 1918 Revision, §§ 3451–3453; Reilly v. Pepe Co., 108 Conn. 436, 143 A. 568. Under these statutes, the corporation's existence continued until the corporate affairs were closed. These instruments were properly executed. At the time both waivers were signed, the corporate existence continued with the corporate affairs in the hands of the directors as trustees. Godfrey was the principal stockholder. Waldo died on April 12, 1923, and the trust company qualified as his executor. The board of directors of the corporation acts as a body in managing the corporate affairs, but a tax waiver signed by one, an authorized corporate officer, is sufficient. Jaffee v. Com'r, 45 F.(2d) 679 (C. C. A. 2), decided Dec. 8, 1930; Philip Carey Co. v. Dean, 43 F.(2d) 369 (D. C. S. D. Ohio); Liberty Baking Co. v. Heiner, 37 F.(2d) 703 (C. C. A. 3); United States v. Kemp, 12 F.(2d) 7 (C. C. A. 5).

Prior to the first waiver, the company had issued a certificate stating that claims might be filed with Godfrey at his attorneys' address. Godfrey thus had become the representative of the corporation in receiving claims of creditors. The petitioner, in filing his claim and obtaining the waivers as executed, was acting on a tax liability—a debt. We think that the waivers were executed

with authority; the assessment was made in time and is not barred by the limitation period.

Order reversed as to the November 1925 assessment.