ALICE C. TIERNAN, ADMINISTRATRIX, (ESTATE OF JAMES E. TIERNAN) *vs.* THE SAVIN ROCK REALTY COMPANY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued May 12th—decided August 9th, 1932.

*George W. Crawford* and *Samuel A. Persky,* for the appellants (defendants).

*Philip Pond,* with whom, on the brief, was *Joseph B. Morse,* for the appellee (plaintiff).

AVERY, J.   The plaintiff, Alice C. Tiernan, brought this action as administratrix of the estate of her husband, James E. Tiernan, deceased, against The Savin

Rock Realty Company and the brothers and a sister of the deceased, who claimed to be stockholders in that company, seeking to have certain deeds to the defendant company declared null and void and the title to the property vested in the estate of James E. Tiernan and his heirs, an accounting by the defendants for the rents and profits of the real estate subsequent to the death of James E. Tiernan, and a decree directing the defendants to deliver possession thereof to the plaintiff; also to have certain shares of stock in The Savin Rock Realty Company, Inc., issued to the individual defendants declared null and void, and surrendered, and a decree settling the title to all of the real estate. Judgment was entered in favor of the plaintiff in accordance with all her prayers for relief, and the defendants have appealed.

Of the one hundred assignments of error, eighteen are based on the refusal of the trial court to find material facts which are claimed to have been admitted or undisputed, thirty-eight relate to findings of facts claimed to have been made without evidence, and the other assignments are directed to conclusions drawn by the court from the facts found. Most of the facts sought to be added to the finding, so far as they are admitted or undisputed and material, appear in the finding, although not always in the exact language of the appellants' draft. The assignments relating thereto are, therefore, without merit, and amount to no more than an attempt to substitute the findings of the appellants for those of the court. *Palmer* v. *Palmer,* 107 Conn. 89, 90, 139 Atl. 505; *Gallaher* v. *Southern New England Telephone Co.,* 99 Conn. 282, 290, 121 Atl. 686; *Norwalk Tire & Rubber Co.* v. *Manufacturers' Casualty Ins. Co.,* 109 Conn. 609, 610, 145 Atl. 44. Other additions to the finding requested were that the court find that there was no evidence as to certain

features of the case. It is proper enough for a court to make such findings where, to do so, will make clear the actual situation before the trial court and avoid inferences unfair to the appellant which might otherwise arise. *Sprague* v. *New York & N. E. R. Co.*, 68 Conn. 345, 356, 36 Atl. 791. Ordinarily, the appellant has the benefit of the lack of proof without any such finding; because the fact, the absence of which he desires to take advantage of, is not in the finding and if essential he can attack the conclusion upon that basis. So far as such additions were correctly asked, the trial court might, in its discretion, refuse to insert them because the situation would not be materially clearer and the appellant is not deprived of the advantage resulting from the failure to find the facts as to which it was claimed there was no evidence.

Other assignments of error are directed to the finding as made, on the ground that some of the facts therein stated are not supported by evidence. The appellants are entitled to certain corrections in the finding which we include in the following statement accordingly. So far as material to the legal conclusions arrived at by the trial court, the facts may be stated as follows: May 28th, 1924, the plaintiff's decedent, James E. Tiernan, and his five brothers filed, in the office of the secretary of state, a certificate of incorporation of The Savin Rock Realty Company, Inc. Its purpose was to hold and deal in real estate. Its authorized capital stock was $15,000, and the amount with which it was to commence business was the same. The certificate of incorporation was duly approved by the secretary of state June 5th, 1924, but no certificate of organization was ever filed. This corporation is hereinafter referred to as the "1924" corporation. June 10th, 1924, James E. Tiernan, by quitclaim deed, conveyed to the company a piece of property in the town

of West Haven, then owned by him, with a building thereon known as the "Beach House." The consideration recited in the deed was $1 and other valuable considerations. The equity in the property so conveyed was approximately $15,000, and the revenue stamps upon the deed amount to $15, indicating a consideration of $15,000, equalling the amount of capital stock with which the corporation was authorized to commence business, as set forth in its certificate of incorporation. No consideration was ever paid to or received by James E. Tiernan for this transfer. No payment for the capital stock of the corporation other than this conveyance was indicated or claimed. November 24th, 1925, Gertrude B. Tyner conveyed to the 1924 corporation certain real estate on Thomas and Ward Streets in West Haven. The court found that this property was purchased by the plaintiff's intestate. We cannot find in the record any evidence directly or by reasonable inference that Tiernan purchased this property conveyed to the corporation by Gertrude B. Tyner. On April 29th, 1926, by quitclaim deed executed by James E. Tiernan, described as president and agent, the 1924 corporation conveyed to James E. Tiernan a portion of this property. On April 14th, 1927, a portion of the property conveyed by Gertrude B. Tyner was mortgaged to the West Haven Bank and Trust Company for $3000 by a deed with a defeasance clause in the form usual in such instruments, reciting an indebtedness to the grantee in the sum of $3000 as evidenced by its promissory note. The instrument was executed "The Savin Rock Realty Company, Inc., by James E. Tiernan, its President." On March 7th, 1927, James E. Tiernan caused to be executed and recorded a quitclaim deed to the 1924 corporation of premises Nos. 19, 21, and 25 Grove Street in the town of West Haven. The consideration

recited in the deed was: (a) $1 and other valuable considerations; (b) assumption by the grantee corporation of an agreement to pay a mortgage to Frank and James E. Wilson for $7400; and (c) assumption and agreement to pay taxes on list of 1926.

The execution and delivery of the various deeds of property to the 1924 corporation by the plaintiff's decedent was not procured by any fraud, deceit or unconscionable conduct of any of the defendants and was not the result of accident, but the decedent executed and caused to be recorded the various deeds and conveyances to it under the expectation and belief that the organization of the company would be legally completed, that the corporation could hold title to property, and that he could hold his property in the corporate name or could lawfully manage and handle the property as president and treasurer under the corporate name. From 1925 to 1928, he executed various leases of concessions on these properties to various lessees; some of these leases were signed "The Savin Rock Realty Company, Inc. by James E. Tiernan, President;" others were signed by himself personally. Some were recorded and some were not. The rent was paid by checks made payable to James E. Tiernan. From 1924 to 1928, the plaintiff's decedent filed with the assessors tax lists, in which the real estate was listed as the property of The Savin Rock Realty Company, Inc., which were signed by him, sometimes as treasurer and sometimes without any designation of title. The tax bills were made out against The Savin Rock Realty Company, Inc. Tiernan also took out sundry insurance policies upon the property in question, which were made out in the name of The Savin Rock Realty Company, Inc. A bank account in the name of The Savin Rock Realty Company was carried in the Home Bank and Trust Company of West

Haven; but the records available, running back to May 2d, 1927, showed no such account until May 5th, 1930, after the death of the plaintiff's intestate, who died September 23d, 1929. The plaintiff's intestate had a bank account in his individual name in the Home Bank and Trust Company from May 2d, 1927, to October 18th, 1928.

May 14th, 1928, the plaintiff's decedent, together with three of his brothers who had been incorporators of the 1924 corporation, executed a certificate of incorporation incorporating The Savin Rock Realty Company, Inc., which certificate was subsequently filed in the office of the secretary of state, and approved by him May 18th, 1928. This company is hereinafter referred to as the "1928" corporation. The purpose of this corporation was to buy, sell and engage generally in the real-estate business. Its authorized capital stock was $15,000, divided into one hundred and fifty shares of a par value of $100 each. The amount of stock with which it was to commence business was $15,000. On June 16th, 1928, plaintiff's decedent with his brothers and sister, all of whom are defendants in this case, executed a certificate of organization of the 1928 corporation which was filed in the office of the secretary of state June 18th, 1928; and certified that the amount of the authorized capital stock subscribed was one hundred and fifty shares at $100 each; that the amount paid thereon in cash was nothing, and the amount paid in property other than cash $15,000; that $100 had been paid on each share of stock subscribed; that the names of the subscribers with the number of shares subscribed for by each were as follows: James E. Tiernan, 7; John J. Tiernan, 1; Robert J. Tiernan, 71; Francis L. Tiernan, 1; and Ethel M. Werthheimer, 70; that the directors and officers of the corporation had been duly elected and its by-laws adopted; that the

location of its principal office was 477 Beach Street, West Haven; and the agent or person in charge was James E. Tiernan. After the death of James E. Tiernan, John J. Tiernan was appointed his administrator and as such he found in the safe used by James E. Tiernan unexecuted and undelivered shares of stock in the 1928 corporation for the amounts and to the parties named in the certificate of organization.

Pursuant to advice of his attorney that the corporation could act only consequent upon a meeting and proper organization of the corporation and that the stock certificates could not be executed except upon proper authorization, John J. Tiernan called a meeting of those named in the certificate of organization of the 1928 corporation, at which he was chosen president, the defendant Robert J. Tiernan, secretary, and a board of directors was elected. The stock certificates were then signed by John J. Tiernan as president and Robert J. Tiernan as secretary, and delivered to and accepted by the defendants John J., Robert J., and Francis L. Tiernan and Ethel M. Werthheimer. They paid no consideration for any of the shares of stock issued to them and accepted the certificates with knowledge that they had paid nothing for them, nor have they ever paid anything for them. Plaintiff's intestate did not pay any money or valuable thing for the stock in the 1928 corporation. It was admitted at the trial that The Savin Rock Realty Company, Inc. (1928) made no claim to the ownership of any of the premises conveyed to the 1924 corporation by James E. Tiernan.

When the safe of James E. Tiernan was opened, after his death, it was found that there was no record of organization or attempted organization of the 1924 corporation, no record of subscription to the stock of either corporation, and nothing to show any interest

of any of the individual defendants in either corporation except the certificates of incorporation and organization of the 1928 corporation and the unexecuted certificates of stock. When the stock certificates of the 1928 corporation were taken into possession by John J. Tiernan, they were unsigned, but dated June 16th, 1928.

While acting as administrator of the estate of James E. Tiernan, John J. Tiernan rented the "Beach House" by a written lease, but made no accounting to the Court of Probate of the leasing of the premises; he also rented the Grove Street lot as a parking place, this action being taken as president of The Savin Rock Realty Company, Inc. During his lifetime, James E. Tiernan operated and managed the "Beach House," and resided there with his wife.

From the facts found, the trial court reached conclusions which may be briefly summarized as follows so far as we regard them as material to discussion of the legal questions involved: that James E. Tiernan conveyed the real estate in question under mistake as to the status and powers of the 1924 corporation in view of its failure to complete its organization and file the required certificate thereof and in the belief that the corporation was and continued to be competent to hold title to real estate and transact business pertaining thereto; that the plaintiff's intestate continued the beneficial and equitable owner of the property conveyed by him to the 1924 corporation and the latter held the property subject to the right of the plaintiff's intestate and the plaintiff to divest it of title, and that the title to all of the real estate should be settled in and possession delivered to the estate and heirs of her decedent; that the plaintiff was entitled to an accounting for the rents, profits and income; also, that the certificates of stock in the 1928 corporation were

fraudulently issued without right or authority and should be surrendered.

No certificate of organization of the 1924 corporation having been filed in the statutory period, it never became a legal corporation, but was a de facto corporation. As such, its contracts were not mere nullities. *DiFrancesco* v. *Kennedy*, 114 Conn. 681, 160 Atl. 72. The defect in the organization of this corporation did not disqualify it from acquiring, holding and conveying real estate. *Lamkin* v. *Baldwin & Lamkin Mfg. Co.*, 72 Conn. 57, 65, 43 Atl. 593; *Canfield* v. *Gregory*, 66 Conn. 9, 17, 33 Atl. 536; *New York, B. & E. Ry. Co.* v. *Motil*, 81 Conn. 466, 472, 473, 71 Atl. 563. Except so far as it might have been due to his own negligence in failing to complete the organization of the 1924 corporation, the mistake made by James E. Tiernan was one as to his legal relations to the corporation, and was really one of law. "While authorities still recognize a distinction between mistakes of law and mistakes of fact, the distinction is of little practical value and its foundation in reason extremely uncertain. *Park Bros. & Co.* v. *Blodgett & Clapp Co.*, 64 Conn. 28, 33, 29 Atl. 133. Equity always relieves against a mistake of law when the surrounding facts raise an independent equity in behalf of one suffering through the mistake. *Usher* v. *Waddingham*, 62 Conn. 412, 429, 26 Atl. 538. And it will not allow one to enrich himself unjustly at the expense of another, through or by reason of an innocent mistake of law or fact entertained by the loser or by both. *Park Bros. & Co.* v. *Blodgett & Clapp Co.*, 64 Conn. 28, 34, 29 Atl. 133." *Bronson* v. *Leibold*, 87 Conn. 293, 298, 87 Atl. 979. The case of the plaintiff does not fall within the class of cases where relief is afforded upon equitable principles. James E. Tiernan, having joined in filing the certificate of incorporation of the 1924 corporation, and having thereafter entered

into contracts in its name and incurred obligations to third parties while in active charge and management of its affairs, would be estopped to deny the existence of the corporation as to those parties. *Canfield* v. *Gregory,* 66 Conn. 9, 21, 33 Atl. 536; *Fish* v. *Smith,* 73 Conn. 377, 382, 47 Atl. 711; *West Winsted Savings Bank & Building Association* v. *Ford,* 27 Conn. 282, 289. The plaintiff, as administratrix of his estate, stands in the same position as the deceased. It follows, therefore, that she is not entitled to treat the conveyance of these properties to the corporation as mere nullities, and cannot maintain this action for their reconveyance or for the rents and profits appropriated by John J. Tiernan. Her remedy is to seek, through receivership, to wind up the affairs of the corporation. The assets of a corporation are dedicated, primarily, to the uses of the corporation and the payment of its debts, and, secondarily, upon dissolution and after payment of its debts, to its shareholders under a pro rata distribution. *DeNunzio* v. *DeNunzio,* 90 Conn. 342, 348, 97 Atl. 323. As these properties stand in the name of the corporation, the receiver would have the first claim upon them and upon the rents and profits thereof. The assets realized would be applied by the receiver to the payment of the expenses of winding up the affairs of the corporation and the discharge of its debts to its creditors. Any assets remaining would be divided among those found entitled thereto.

With reference to the 1928 corporation, little need be said, as its disposition is of little practical consequence to the parties in this case. That corporation, it is conceded, has no title to any of the properties involved in this suit or any right of possession. No conveyance has ever been made to it of any of the properties nor has any money ever been paid into it. The

plaintiff's decedent, having participated by joining in the execution of the certificates of incorporation and organization of the company, wherein he certified that the stock was fully paid, its by-laws adopted, and as to the number of shares held by each stockholder, the plaintiff is not, on the facts of this record, entitled as against them to ask for the cancellation of their certificates. 1 Cook, Corporations (8th Ed.) § 39; *Canfield* v. *Gregory,* 66 Conn. 9, 21, 33 Atl. 536; *Baldwin* v. *Wolff,* 82 Conn. 559, 562, 74 Atl. 948.

It follows that the plaintiff is not entitled to maintain this action.

There is error; the judgment is reversed and the cause remanded to the Superior Court with direction to enter judgment for the defendants.

In this opinion the other judges concurred.