HELEN EPSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

MAX EPSTEIN, PETITIONER, *v.* COMMISSIONER OF INTERNAL
REVENUE, RESPONDENT.

Docket Nos. 29976, 29977. Promulgated December 21, 1951.

*Philip W. Schneider, Esq.,* for the petitioners.
*William C. W. Haynes, Esq.,* for the respondent.

## OPINION.

Opper, *Judge:* If the statute of limitations expired as to petitioners' transferor less than a year prior to the determination of liability against petitioners, the notice was timely and petitioners are con-

cededly liable as transferees. Section 311 (b), Internal Revenue Code. The answer to this question depends in turn upon whether two waivers executed ostensibly on behalf of the corporate transferor were valid. The three years constituting the original statutory period of limitation had not expired on January 11, 1946. A waiver executed on behalf of the Corporation by its president on that date extending the statute until June 30, 1947, is conceded by petitioners to have been valid. Similar waivers similarly executed for periods ending in 1948 and 1949 are the nub of the controversy.

Whether the corporate existence continued over this period for purposes of validating the action and whether the act of executing the waiver was *intra vires* the executing officer are questions to be determined under the local law of the State of Connecticut. *United States* v. *Krueger* (C. A. 3), 121 F. 2d 842, certiorari denied 314 U. S. 677.

That a Connecticut corporation remains in existence for the purpose of winding up and settling its affairs admits of little doubt. *New York, Bridgeport & Eastern Railway Co.* v. *Motil*, 81 Conn. 466, 71 A. 563. That is so, notwithstanding that the original organization of the transferor corporation was abortive for failure to file the qualifying certificate. It became and remained a *de facto* corporation, *Di Francesco* v. *Kennedy*, 114 Conn. 681, 160 A. 72; *Tiernan* v. *Savin Rock Realty Co.*, 115 Conn. 473, 162 A. 11; *In re Halsey W. Kelley & Co.* (D. Conn.), 215 F. 155, and "whether they expire by their own limitation or are dissolved by voluntary action" was authorized to "continue so far as may be necessary to enable them to prosecute and defend suits by or against them, to close up their affairs, dispose of their property, and distribute their assets." Connecticut General Statutes (1930), section 3373.

Under the circumstances, the signature of the president and the presence of the corporate seal must also be taken as prima facie valid. See *Commissioner* v. *Angier Corp.* (C. A. 1), 50 F. 2d 887; *Carey Mfg. Co.* v. *Dean* (C. A. 6), 58 F. 2d 737. The signature was that of the man who had signed as president the admittedly valid waiver and had also executed the Federal income tax returns on behalf of the corporation which apparently gave rise to the tax liability. He "being the officer who signed the income tax returns and the officer whom the corporation held out to the Government as the person entitled to represent it in such matters by signing the waiver * * * acted within the apparent scope of his authority and the Government had a right to rely and act upon such waiver." *Hammond* v. *Carthage Sulphite Pulp & Paper Co.* (N. D., N. Y.), 34 F. 2d 155. See also *Continental Oil Co.* v. *United States* (Ct. Cls.), 14 F. Supp. 533.

This was not, as contended by petitioners, the abandonment of "a defense which might have been interposed to * * * collection."

*South Penn Oil Co.*, 20 B. T. A. 1180, revd. (C. A. D. C.) 68 F. 2d 420. The first waiver validly extended the statute to a date later than the time of execution of the second waiver and the second similarly kept the period open until after execution of the third.[2] There was no time when a waiver was executed subsequent to the expiration of the extended statutory period, so that it cannot be said that a valid defense ever existed. Under these circumstances, the authority of a duly constituted corporate officer is not to be questioned, whether or not he is acting also as liquidating trustee. *Commissioner* v. *Godfrey* (C. A. 2), 50 F. 2d 79; see *Galdi* v. *Jones* (C. A. 2), 141 F. 2d 984.

The cases upon which petitioners rely can all be distinguished either as dealing with waivers signed after the expiration of the statute of limitations, *South Penn Oil Co., supra; Hammond* v. *Carthage Sulphite Pulp & Paper Co., supra;* or as applying the law of other jurisdictions where the corporate existence terminates completely leaving no subsequent leeway for the winding up of the corporate affairs, *Union Shipbuilding Co.*, 43 B. T. A. 1143; *D. J. Gay*, 31 B. T. A. 580; *In re Booth Drug Store* (W. D. Va.), 19 F. Supp. 95; *Sharp* v. *Eagle Lake Lumber Co.*, 60 Calif. App. 386, 212 P. 933; see *People* v. *Montecito Water Co.*, 97 Calif. 276, 32 P. 236; or in one or two instances as cases where the execution was by a stranger holding no office in the corporation on whose behalf he purported to act. *Bamberg Cotton Mills Co.*, 8 B. T. A. 1236; *Carnation Milk Products Co.*, 15 B. T. A. 556.

The waivers having in our view been validly executed postponed the running of the statute until such a date that the liabilities determined against these petitioners were timely. There being no other resistance to their transferee liability,

*Decisions will be entered for the respondent.*

---

[2] SEC. 276. * * *

(b) WAIVER.—Where before the expiration of the time prescribed in section 275 for the assessment of the tax, both the Commissioner and the taxpayer have consented in writing to its assessment after such time, the tax may be assessed at any time prior to the expiration of the period agreed upon. The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon.