[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
REPORT OF ATTORNEY STATE TRIAL REFEREE FINDINGS OF FACT
1. The plaintiff, by Complaint returnable February 14, 1989, in an action assigned Docket Number 509579, brought suit against the Egg Roll King, Inc., d/b/a the Nipa Hut Restaurant and Jess Datu seeking to recover a balance due for the sale of certain restaurant equipment, supplies and services sold on various dates before February 22, 1988.
2. In its complaint the plaintiff claimed that at all relevant times the defendant, Egg Roll King, Inc., was a commercial entity doing business as the Nipa Hut Restaurant with a place of business in Groton, Connecticut.
3. In its complaint the plaintiff claimed that at all relevant times the defendant, Jess Datu, was the managing partner and/or president and/or agent of the defendant Egg Roll King, Inc., d/b/a Nipa Hut Restaurant.
4. In their answer dated and filed April 28, 1989 the defendants admitted that at all relevant times the defendant, Egg Roll King, Inc., was a commercial entity doing business as the Nipa Hut Restaurant and further admitted that at all relevant times the defendant, Jess Datu was the managing partner and/or president and/or agent of the defendant, Egg Roll CT Page 358 King, Inc., d/b/a Nipa Hut Restaurant.
5. In this answer the defendants either denied or left the plaintiff to prove the remaining allegations of its complaint.
6. Trial of this matter took place before the undersigned on August 10, 1989 with briefs and reply briefs filed through September 12, 1989.
7. The plaintiff is a Rhode Island Corporation in the restaurant supply business servicing businesses in Rhode Island, Connecticut and Massachusetts as well as other states on occasion.
8. Its services include the design of restaurant facilities as well as the sale and servicing of equipment.
9. Jess Datu was one of several investors who determined to enter into a business venture for profit to operate a restaurant known as the Nipa Hut Restaurant.
10. These investors, including Jess Datu, intended to form a corporation as a vehicle through which to operate their business venture.
11. These investors including Jess Datu engaged an attorney to form a corporation to be known as the Egg Roll King, Inc., to operate the Nipa Hut Restaurant.
12. The corporation to be known as the Egg Roll King, Inc., was never legally formed and at all times material to this action did not exist as a de jure corporation.
13. At all times material to the business dealings between the plaintiff and the defendants Jess Datu believed a corporation known as the Egg Roll King, Inc., had been properly formed and was in existence.
14. Initially, and at all times material to their business dealing, the plaintiff, through its agents, and officers, believed the Egg Roll King, Inc., d/b/a The Nipa Hut Restaurant was a corporation and that the plaintiff was dealing with a corporation in providing materials and services to the Nipa Hut Restaurant.
15. The investors chose Antonio DelRosario to run the Nipa Hut Restaurant venture.
16. The investors including Jess Datu believed they had elected Antonio DelRosario as president of the Egg Roll King, Inc., d/b/a Nipa Hut Restaurant.
17. The plaintiff performed services by doing design work for the Nipa Hut Restaurant and, after doing so, supplied restaurant equipment including walk in coolers, exhaust fans, cooking equipment and fire systems;. CT Page 359
18. Employees or principals of the plaintiff dealt primarily with Antonio DelRosario in the course of performing design work for the Nipa Hut Restaurant and in the selection and sale of the equipment and supplies to it.
19. Employees or principals of the plaintiff also had some dealings with other individuals associated with the Nipa Hut Restaurant while dealing generally with Antonio DelRosario.
20. James Algieri was president of the plaintiff during the period the plaintiff had dealings with the Nipa Hut Restaurant.
21. James Algieri dealt primarily with Antonio DelRosario whom he believed to be the president of the Egg Roll King, Inc., and the manager of the Nipa Hut Restaurant.
22. During the course of the plaintiff's dealing with the Nipa Hut Restaurant, James Algieri had seen Jess Datu from time to time, but during the time the plaintiff was supplying services, equipment and supplies to the Nipa Hut Restaurant James Algieri was unaware of Jess Datu's status or city in the business venture known as the Nipa Hut Restaurant.
23. The goods, materials and services sold by the plaintiff to the Nipa Hut Restaurant were sold on an open account.
24. The last sale made by the plaintiff to the Nipa Hut Restaurant on its account was made on or about October 20, 1987.
25. By February of 1988 the investors had become dissatisfied with the business practices and management of Antonio DelRosario and dissatisfied with the operation of the restaurant and the return on their investment.
26. On February 22, 1988 the investors met to change the management of the Nipa Hut Restaurant and, believing the same to be a corporation, to elect new officers of the Egg Roll King, Inc., d/b/a Nipa Hut Restaurant.
27. At the meeting held February 22, 1988 Jess Datu was elected president and general manager of the Egg Roll King, Inc, d/b/a Nipa Hut Restaurant.
28. As a result of the meeting on February 22, 1988 Antonio DelRosario was relieved of his duties.
29. On February 29, 1988 Jess Datu wrote to the plaintiff advising it of this change in the management of the Nipa Hut Restaurant and his putative election as president of the Egg Roll King, Inc.
30. In this letter Jess Datu variously describes himself as "the newly elected president and general manager of the corporation" and as the CT Page 360 "managing partner/president".
31. In this letter Jess Datu requested an updated statement of accounts from the plaintiff and also indicated that he and his management would be the only people authorized to transact business with the plaintiff.
32. Subsequent to February 29, 1988 one payment was made by the Nipa Hut Restaurant on its account with the plaintiff and no new equipment, materials, supplies or services were requested or purchased.
33. At the time of trial the plaintiff was owed a balance of $8,142.40 on its open account for the services, materials and supplies it provided to the Nipa Hut Restaurant.
34. The sum of $8,142.40 is the reasonable value of the materials, services and supplies provided by the plaintiff to the Nipa Hut Restaurant.
35. Although the plaintiff claimed as part of its damages a reasonable attorney's fee, it established no contractual or statutory basis for the same.
36. Subsequent to February 29, 1988 and prior to the actual trial of this case the plaintiff and the defendant, including Jess Datu, learned the Egg Roll King, Inc., d/b/a Nipa Hut Restaurant had not been properly incorporated in Connecticut and had never become a de jure corporation.
37. No evidence was presented that the defendants, including Jess Datu, upon learning that the Egg Roll King, Inc., had not been properly incorporated attempted to complete the incorporation or otherwise properly incorporate the Egg Roll King, Inc.
38. The letter written by Jess Datu to the plaintiff February 29, 1988 did not constitute an offer by Jess Datu to guarantee past or future debts owed the plaintiff by the Nipa Hut Restaurant.
39. There was no evidence the plaintiff forbore contemplated legal action, extended further credit, provided additional material, services or supplies, or otherwise changed its position with respect to the Nipa Hut Restaurant as the result of the letter of February 29, 1988.
40. At all times material to this action on and prior to February 29, 1988 Jess Datu believed in good faith that the Egg Roll King, Inc, was a corporation.
41. It would be inequitable to award prejudgment interest to the amount due the plaintiff on its account in light of the good faith beliefs of the parties held prior to suit.
CONCLUSIONS CT Page 361
1. The plaintiff provided services, equipment and supplies to the Nipa Hut Restaurant business venture on an open account through arrangements made primarily with Antonio DelRosario for the Nipa Hut Restaurant
2. The plaintiff is owed $8,142.40 for the materials, equipment and supplies it provided the Nipa Hut Restaurant.
3. The sum of $8,142.40 also represents the reasonable value of the services, equipment and supplies the plaintiff provided the Nipa Hut Restaurant.
4. Although the plaintiff claimed as part of its damages a reasonable attorney's fee, it established no contractual or statutory basis for the same.
5. Had the Egg Roll King, Inc., been properly incorporated as the entity running the Nipa Hut Restaurant it alone would be indebted to the plaintiff for the equipment, supplies and services provided the Nipa Hut Restaurant as the principals and employees of the plaintiff believed they were dealing with a corporation known as the Egg Roll King, Inc., d/b/a Nipa Hut Restaurant when dealing with the Nipa Hut Restaurant.
6. Had the Egg Roll King, Inc., been incorporated, then dissolved, it would have been at least a de facto corporation during the dealings of the parties which were had in this matter, or the plaintiff would be estopped to deny its corporate existence, and the Egg Roll King, Inc., alone would be indebted to the plaintiff. Tiernan v. Savin Rock Realty Company,115 Conn. 473.
7. If the investors, including Jess Datu, having learned that the Egg Roll King, Inc., had not been incorporated, made an immediate good faith attempt to incorporate the same the Egg Roll King, Inc., alone would be indebted to the plaintiff. Clark-Franklin-Kingston Press, Inc, v. Romano,12 Conn. App. 121.
8. Because no corporation known as the Egg Roll King, Inc. was ever formed the investors including Jess Datu operated the Nipa Hut Restaurant as a joint venture (Connecticut General Statutes Section 34-44) and the joint venture should be regarded as a partnership among the investors. Donbar Industries, Inc. v. DeSio, Inc., d/b/a United Metals of Connecticut, et al, 13 Conn. Law Tribune #43, p. 25 column 2.
9. Jess Datu as a partner in the business venture established to operate the Nipa Hut Restaurant is jointly and severally liable with his co-investors for the debts and obligations of the Nipa Hut Restaurant. Connecticut General Statutes Section 34-53.
10. Under the circumstances of this case including the good faith beliefs of the parties prior to the initiation of suit, no prejudgment interest should be awarded. Pilato v. Kapur, 22 Conn. App. 282. CT Page 362
RECOMMENDATIONS
Judgment should enter in favor of the plaintiff, Ocean State Restaurant Equipment and Supply, Inc., to recover damages in the sum of $8,142.40 from a partnership variously referred to as the Egg Roll King, Inc., d/b/a Nipa Hut Restaurant or the Nipa Hut Restaurant and from Jess Datu as a partner of the same. Dayco Corporation v. Fred T. Robertson Co., 192 Conn. 497.
MICHAEL E. DRISCOLL, TRIAL REFEREE