[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
On February 21, 1992, the plaintiff, Balance Rock Condominium Association (hereinafter "balance Rock"), an association of condominium owners organized under the laws of Connecticut, filed a one-count complaint against the defendants, Sabri Pinarer, Burcin Pinarer, and the Midland Federal Savings and Loan Association (hereinafter "Midland"). Balance Rock alleges the following facts in its complaint. The defendants, Sabri Pinarer and Burcin Pinarer, were the record owners of the premises known as Unit 17, 65 Balance Rock Road, Balance Rock Condominiums in Seymour, Connecticut, at the time the complaint was filed. Midland claimed an interest in the premises as assignee of a mortgage issued by the defendants, Sabri Pinarer and Burcin Pinarer. Balance Rock alleges that Midland's mortgage on the property is subordinate to Balance Rock's interest in the property with respect to six months of common charges which have accrued and were assessed upon the property at the time the complaint was filed.
Midland filed a Motion to Dismiss on December 1, 1992 for the reason that the corporation which claims to be the plaintiff in this action did not exist at the time the suit was commenced because at that time, the corporation had been dissolved by the Secretary of the State for failure to file a biennial report. The CT Page 9454 motion was denied by this court because proof of Balance Rock's dissolution, which Midland referred to in its motion as "attached," was not attached to the motion to dismiss.
In January of 1993, the case was dismissed under the dormancy program. See Practice Book 251. On February 1, 1993, Balance Rock's motion to reopen judgment of dismissal was granted. On March 15, 1993, the court granted a motion for default against Midland for failure to plead. On May 3, 1993, Balance Rock's motion for strict foreclosure was heard at the short calendar. Midland its motion to dismiss and that motion also was heard at the short calendar on May 3, 1993. Supplemental briefs on the motion to dismiss, requested by the court, were filed by Midland on May 13, 1993, and by Balance Rock on May 24, 1993. The motion for strict foreclosure and the motion to dismiss are now before the court. This memorandum addresses Midland's motion to dismiss.
"The motion to dismiss shall be used to assert the lack of jurisdiction over the subject matter." Southport Manor Convalescent Center, Inc. v. Foley, 216 Conn. 11, 12 n. 1,578 A.2d 646 (1990). "Jurisdiction over the subject matter cannot be waived or conferred by consent." Serani v. Board of Ethics, 225 Conn. 305,308, ___ A.2d ___ (1993). "Once the question of lack of jurisdiction of a court is raised, it must be disposed of no matter in what form it is presented and the court must fully resolve it before proceeding further with the case." (Citations omitted.) Castro v. Viera, 207 Conn. 420, 433-34, 541 A.2d 1216 (1988). Standing goes to the court's subject matter jurisdiction. Reitzer v. Board of Trustees of State College, 2 Conn. App. 196, 201, 477 A.2d 129
(1984).
Balance Rock argues that even if Balance Rock did not exist de jure at the time it filed its complaint, it was a de facto corporation and could maintain its suit. Balance Rock alleges that it has continued to act as if it were a corporation, holding meetings, electing officers and directors and filing tax returns. Furthermore, Balance Rock has submitted proof that it has refiled as a corporation with the Secretary of State after its forfeiture. Balance Rock contends, therefore, that it should be allowed to maintain suit at least as a de facto corporation against Midland.
Balance Rock alleges that Midland is estopped from denying the corporate existence of Balance Rock because Midland dealt with Balance Rock as a corporation during the time Midland claims that Balance Rock did not exist as a corporation. Balance Rock further CT Page 9455 alleges that Midland, by paying all the common charges accruing from the date of its acquisition of the condominium unit and by accepting the management services and upkeep of the common areas rendered by Balance Rock, cannot now deny the corporate existence of Balance Rock.
"A de facto corporation is an apparent corporate organization asserted to be a corporation by its members and actually existing as such, but lacking the creative fiat of the State." DiFrancesco v. Kennedy, 114 Conn. 681, 688, 160 A. 72 (1932). "A de facto corporation . . . is an association which, actually exists for all practical purposes as a corporate body, but which, because of failure to comply with some provision of the law, has no legal right to corporate existence as against a direct attack by the State." Id.
The Connecticut Supreme Court has recognized the legal significance of a de facto corporation despite the lack of de jure status. Specifically, in a case where the corporate plaintiff lost its authority under statute to be organized, the court held that the plaintiff was at least a de facto corporation and as such could maintain suit to enjoin a defendant from using the corporation's name or a similar name. Yale Co-Operative Corp. v. Rogin, 133 Conn. 563,566, 53 A.2d 383 (1947). Furthermore, our Supreme Court has held that contracts entered into by a corporation which failed to file a certificate of organization within the statutory period, thus never acquiring "legal status," were not mere nullities and that the defective filing did not disqualify the corporation from acquiring, holding and conveying real estate. Tiernan v. Savin Rock, 115 Conn. 473, 482, 162 A. 11 (1932). In those cases, the corporation conducted business as if it were a legal entity despite the absence of de jure status, and those who had treated the corporation as such were estopped from denying the existence of the corporation.
Generally, one who has dealt with either a de facto or a de jure corporation is estopped to deny its corporate existence. Clark-Franklin-Kingston Press, Inc. v. Romano, 12 Conn. App. 121,128, 529 A.2d 240 (1987), cert. denied, 205 Conn. 803, 531 A.2d 940
(1987). In Clark-Franklin-Kingston Press, Inc. v. Romano, supra, the plaintiffs sought to recover from the defendant shareholders, officers and directors of a company for services that the plaintiffs had rendered to it. Id., 122. The plaintiffs brought suit against the defendants, individually, because at the time the plaintiffs rendered its services to the company, the company had CT Page 9456 been dissolved for failure to file two successive annual reports with the Secretary of State. Id., 123. The court held that "[t]he acts of the plaintiff . . ., done in reliance on the corporate existence of the corporation, prevent it from now claiming that the defendants had `no corporate existence. Id., 124. The court found that:
 "[t]he defendants made a good faith effort to reincorporate after learning of the corporation's dissolution. They then conducted business with the plaintiff as a corporation. . . . Since both the plaintiff and the defendants regarded and relied upon the corporation's existence and assets, it would be inequitable "to" impose personal liability upon the defendants merely due to a technical defect in the reinstatement process."
Id., 125. Similarly, Balance Rock conducted business with Midland as a corporation. Balance Rock refiled as a corporation with the Secretary of the State after its de jure status had been forfeited Midland's Motion to Dismiss is denied. Balance Rock was at least de facto corporation at the time suit was commenced and that Midland, who dealt with Balance Rock as a corporation, is estopped from denying Balance Rock's corporate existence.