THOMPSON, J.
 

 This is an appeal from a judgment which sustained an exception of no cause of action filed by Kennedy & Denny Company, Inc., and by John E. Kennedy and James
 
 A.
 
 Denny in
 
 *480
 
 dividually, all of whom were sued as guarantors of the debt of their eodefendant Hollomon Bros.
 

 The debt of the principal obligor is evidenced by nine notes aggregating $25,610, with interest and attorney fees, less credits amounting to $4,620.31.
 

 The defendant Hollomon Bros, operated a sawmill in Webster parish, and on July 3, 1924, entered into a written contract with the Exchange National Securities Company, which is a subsidiary of the Exchange National Bank of Shreveport, by which the Securities Company agreed to make certain advances in money to Hollomon Bros, for the operation of its sawmill.
 

 The advances were made by the Exchange National Bank for which the bank took the notes of Hollomon Bros, as described in plaintiff’s petition.
 

 Thereafter, on February 11, 1925, the Kennedy & Denny Company, Inc., executed a written instrument by which said company guaranteed the payment of all the advances made by the bank to Hollomon Bros, under the contract of July 3, 1924, to the extent of $20,000, and including a mortgage note of $1,600.
 

 This contract of guaranty is about as full and complete as an instrument of that character could be made.
 

 Among the definite and express stipulations are the following:
 

 “I hereby bind and obligate myself, my heirs and- assigns in solido with said debtor, for the payment of the said indebtedness precisely as if the same had been contracted and was due and owing by me in person, hereby agreeing to, and binding myself, my heirs and assigns, by all the terms and conditions contained in any note or
 
 notes
 
 signed or
 
 to
 
 be signed by said debtor, and growing out of the said contract between the Exchange National Securities Co. Inc. and Hollomon Bros., making myself a party thereto.”
 

 “I agree to pay, at the expiration of 18 months from the date hereof, any and all balances, notes or overdrafts owed by the said Hollomon Bros, and resulting from the operation of the aforesaid contract * * * the full amount of said indebtedness, becoming subrogated in the event of payment in full by me in the claim of said Bank.”
 

 The contract was not attached to the petition, but a copy was produced on motion of the defendants and thereby became a part of plaintiffs petition, and it was upon the petition and the contract the exception of no cause of action was predicated.
 

 It is argued as the first ground of exception that there is no allegation to show that the 'debt sued upon arose out of or resulted from the contract of July 3, 1924.
 

 The mere reading of the petition will show that there is no basis for that contention.
 

 In paragraph 7 it is alleged:
 

 “That on the faith of said contract, your petitioner at the solicitation of the Exchange National Securities Co. Inc. and at the request and instance and with the approval of Hollomon Bros, and Kennedy and Denny Co. Inc., advanced amounts or sums of money for the operation of said sawmill and the carrying out of. the terms of said contract at divers times, your petitioner taking from said Hollomon Brothers, when and at the same time, advances were made, profnissory notes of the said Hollomon Brothers, payable on demand to the order of petitioner; that the said notes sued upon are either the original notes executed, or renewals thereof.”
 

 There are other paragraphs of the petition which show that the advances made by the
 
 *482
 
 plaintiff to Hollomon Bros, were for the purpose stipulated in the contract of July 3,1924, and that the notes sued on were executed for said advances.
 

 A reading of the entire petition sufficiently identifies the notes sued on as representing the advances made under the contract and for which Kennedy & Denny Company, Inc., bound itself.
 

 This is especially true when the contract of guaranty is read in connection with the petition.
 

 The second argument made under the exception is that the petition fails to allege a compliance by the plaintiff with its obligations under the contract of July 3, 1924.
 

 It is to be observed in this connection that the nine notes sued on represent money actually advanced by the bank as alleged in the petition. The notes are unconditional obligations of Hollomon Bros., and their payment was guaranteed by Kennedy & Denny Company, Inc. If there was a lack of consideration or a failure of consideration, it devolves on defendant to specially plead and prove it. It was not necessary to allege that the bank had complied with the contract under which the advances were made and for which the notes were executed.
 

 It was sufficient for the purpose of the exception for plaintiff to allege the contract, the making of the advances, and the execution of the notes representing such advances.
 

 The third contention is that there is no allegation of a compliance under contract of February 11, 1925.
 

 The answer to the second contention is equally applicable to the third. Kennedy & Denny Company, Inc., guaranteed the payment of the notes sued on, and, if the advanees represented by the notes were not made as alleged, it is a matter of defense.
 

 The notes as against the maker and guarantors are presumed to have been issued for a valid and valuable consideration.
 

 The judgment in so far as it dismissed the suit against Kennedy & Denny Company, Inc., is erroneous, and will have to be reversed.
 

 A different situation exists with reference to John E. Kennedy and James A. Denny individually.
 

 These defendants were not parties to the contract of guaranty given by. Kennedy & Denny Company, Inc., to the Exchange National Bank. They did, however, sign an instrument on February 11, 1925, by which they individually guaranteed the payment to the bank for any advances made to Kennedy & Denny Company, Inc., not to exceed $21,000. The debt which was thus guaranteed was not a debt of Hollomon Bros., and, so far as the pleadings and contracts show, had no connection whatever with the notes sued on or the contract of July 3, 1924.
 

 The contract by which Kennedy & Denny Company, Inc., guaranteed the payment of the notes of Hollomon Bros, expressly declares that it shall in no way affect the open line of credit of $21,000 on regularly assigned invoices now existing as between the Exchange National Bank and the said Kennedy .& Denny Company, Inc.
 

 As we .understand the pleadings and the contracts, the debt owed by Hollomon Bros., guaranteed by Kennedy & Denny Company, Inc., is a different debt from the one owed by the last-named company and guaranteed by-Kennedy and Denny individually.
 

 
 *484
 
 The suit is'for the amount of the notes due by Hollomon Bros, and not for the debt due by Kennedy & Denny Company, Inc.
 

 As Kennedy and Denny individually have not bound themselves for the notes sued on, the petition as to them shows no cause of action.
 

 The judgment in so far as it sustained the exception of no cause of action filed by Kennedy & Denny Company, Inc., is reversed and the said exception is overruled, and the case is remanded to be proceeded with according to law.
 

 Otherwise said judgment is affirmed; the cost of appeal to be paid by Kennedy
 
 &
 
 Denny Company, Inc.