148 So. 702

**EXCHANGE NAT. BANK v. HOLOMAN BROS. et al.**

No. 31996.

May 29, 1933.

Lyons & Prentiss, of Shreveport, for appellant.

Dickson & Denny, of Shreveport, for appellees.

ST. PAUL, Justice.

On March 4, 1927, plaintiff filed its suit against these defendants in the First judicial district court, parish of Caddo, under the number 45105 of its docket.

On June 25, 1927, that suit was dismissed on an exception of no cause of action.

On June 25, 1928, exactly one year afterwards, plaintiff took a devolutive appeal to this court, which appeal was lodged in this court under No. 29467 of its docket; and judgment was therein rendered on said appeal which became final on May 5, 1930. See Exchange National Bank v. Holloman Bros. et al., 170 La. 477, 128 So. 282.

I.

Between the time when final judgment was rendered in the court below and the time when the appeal therefrom was taken, to wit, on November 30, 1927, plaintiff again filed suit against defendants in the said First judicial district court, parish of Caddo, under the number 47073 of its docket. In this case (No. 47073), which is the one now before us, the defendants filed their exception of lis pendens, to wit, on June 15, 1928, basing same on the aforesaid case, No. 45105.

## II.

On July 16, 1928, the exception of lis pendens was sustained by the trial court. Two days later plaintiff applied for a rehearing, which application lay dormant in the court nearly four years, to wit, until May 9, 1932, on which day the motion was argued and a rehearing granted. The exception was thereupon again taken up and again sustained by the trial court, to wit, on June 8, 1932; and the plaintiff appeals.

## III.

As the parties are the same, and the object of the suit is the same, to wit, the recovery of the balance due plaintiff by Holoman Bros. on nine certain promissory notes, said to have been guaranteed directly or indirectly by the other defendants, and, as Holoman Bros. do not dispute their liability and are not interested in this litigation (being, it is said, insolvent), the only remaining question is whether the cause of action against the other defendants is the same in both cases, those other defendants being Kennedy & Denny Company, Inc., a corporation, and James A. Denny and John E. Kennedy, individuals.

## IV.

The alleged cause of action against the Kennedy & Denny Company and against Denny and Kennedy individually grows out of two continuing guaranties, both given to the plaintiff, the one by the Kennedy & Denny Company to secure any indebtedness due or to become due to plaintiff by Holoman Bros., and the other given by Denny and Kennedy, individually, to secure any indebtedness due or to become due the plaintiff by the Kennedy & Denny Company.

## V.

In the first suit, No. 45105 (our No. 29467), plaintiff sued upon these contracts as written, and the ruling of this court was that Kennedy & Denny Company, Inc., was liable to plaintiff on its guaranty for the indebtedness of Holoman Bros., but that Denny and Kennedy, individually, had bound themselves only for the indebtedness of Kennedy & Denny Company, Inc., and not for any indebtedness of Holoman Bros. See 170 La. 477, 128 So. 282.

## VI.

In the present suit, No. 47073 (our No. 31996), plaintiff again sues on the instruments as written; and prays for judgment as before, but this is added:

Petitioner shows in the alternative, and only in the event that the court should find that the said act of guaranty executed by Kennedy-Denny Company, Incorporated, in favor of petitioner, does not indemnify petitioner against loss on the notes herein sued upon, then, that said act of guaranty is in error in not so providing; that it was the intention and agreement between all parties to said instrument at the time it was executed to indemnify petitioner against loss on the said notes; that James A. Denny was named to draw said instrument in accordance with said agreement; that in reducing said agreement to writing said James A. Denny omitted to express the true intent and agreement between the parties; and that said agreement should be reformed so as to conform therewith.

And, after praying for exactly the same relief asked for in suit No. 45105 (our No. 29467), this alternative prayer is added,

Petitioner prays in the alternative, and only in the event that the court should hold that the said act of guaranty does not indemnify petitioner against loss on the aforesaid notes sued on, then that said act of guaranty be reformed to so indemnify petitioner, and that petitioner have judgment as prayed for above.

### VII.

 If a final judgment in either of these two cases No. 45105 (our No. 29467), or No. 47073 (our No. 31996) would be res judicata in the other, then the plea of lis pendens herein filed is good; otherwise not.

We think a final judgment in No. 45105 (our No. 29467) would be res judicata as to No. 47073 (our No. 31996).

As we have said, the parties are the same, the thing demanded is the same; the cause of action in both cases is again the continuing guaranty, with this difference only, that in the first case the continuing guaranty is relied on as written, whilst in the second case the continuing guaranty is first relied upon as written with an alternative prayer that, if insufficient as written, it be reformed so as to make it sufficient. But this relief was open and available to plaintiff in the first case as well as in the last. It was, after all, only an amplification and elaboration of the real cause of action, which was the original continuing guaranty.

But, even if this last be considered a separate and distinct cause of action from the first, the two causes of action were both open and available to the plaintiff when it filed the first suit as well as when it filed the second.

 But the jurisprudence is that:

A final judgment of a court having jurisdiction over the parties and the subject-matter puts an end, not only to every plea or defense made, but to every plea or defense which either of the parties might successfully have made. Succession of Whitner, 165 La. 769, 116 So. 180, and authorities there cited.

 In other words:

A litigation is not conclusive as against those who are not parties to it, nor as to rights not possessed by the litigants at the time, save as to persons who are the privies of each other. But a party litigant, whether plaintiff or defendant, is bound to set up whatever title or defense may be at his command or within his knowledge, and is not at liberty to reserve what he pleases and make it the basis of a new litigation. Gajan v. Patout & Burguieres, 135 La. 156, 65 So. 17.

We are therefore of opinion that the trial court was correct in sustaining the defendant's plea of lis pendens.

### Decree.

For the reasons assigned, the judgment appealed from is affirmed.