HARNISCHFEGER SALES CORPORATION *v.* STERNBERG DREDGING CO.

(Division A. Sept. 11, 1939. Suggestion of Error Overruled April 8, 1940.)

[191 So. 94. No. 33421.]

74

(Division A.  April 8, 1940.)

[195 So. 322.  No. 33421.]

(Division A.  June 3, 1940.)

[196 So. 504.  No. 33421.]

Dent, **Robinson & Ward**, of Vicksburg, **Green, Green & Jackson**, of Jackson, **Theus, Grisham, Davis & Leigh**, of Monroe, La., and **Arthur W. Coppin**, of Milwaukee, Wis., for appellant.

80

Brunini, Wright & Brunini, of Vicksburg, and O'Niell & O'Niell, of New Orleans, La., for appellee.

Argued orally by **Garner Green** and **Thomas Leigh**, for appellant, and by **John Brunini**, for appellee.

**McGowen, J.**, delivered the opinion of the court.

Harnischfeger Sales Corporation appeals from an adverse judgment of the chancery court, in which court it initiated proceedings against the appellee, Sternberg Dredging Company, to recover a balance due on a series of notes, the principal of which was in excess of $16,000, and the balance of which alleged to be due after credits allowed thereon was $9,876.07, interest included to December 4, 1934.

The jurisdiction of the chancery court was obtained by means of garnishment proceedings against the defendants, appellees here, who are alleged to be indebted to the appellant.

Both corporations are non-residents of this state.

Sternberg Dredging Company filed its answer to the suit, in which the indebtedness, evidenced by the notes exhibited with the bill, was denied, and a cross-bill was filed against the appellant company in which it was alleged that these notes were executed by the Sternberg Dredging Company as a part of the consummation of the sales contract by which the appellant, Harnischfeger Sales Corporation, sold to the appellee company one Model 775-A Diesel dragline, with standard 50-foot boom and 10-foot extension—and Model E Kohler 1500-Watt Lighting Plant, to be installed in the plant of appellee. The price for the equipment was $26,630 and the terms of payment were $3,000 cash, and the balance in twenty promissory notes, payable monthly, dated August 1, 1930, secured by a chattel mortgage on the machine. The cash payment was made, the notes executed, and several of the notes paid.

Sternberg Dredging Company contended that the machine would not do the work for which it was bought, that of building levees along the Mississippi River in

Louisiana and Arkansas. This machine was delivered to the Sternberg Dredging Company by the appellant at Eudora, Arkansas. The complaints against the machine are set out in detail, unnecessary to be recited here.

The real defense to the notes is, in substance, as follows: That before the execution of the sales contract and the notes, the salesmen of the appellant knew the purpose for which the appellee was buying the machine, the president thereof having told them that a machine with a sixty-foot boom, which would operate a two-yard bucket, was wanted, and that before entering the contract, the appellee was assured that the machine described would operate a two-yard bucket, when, in truth and fact, the machine never did operate a bucket of that capacity. The plea, with the answer and cross-bill, in effect, set up that there had been a breach of warranty on the part of the seller making these oral representations and sought to recover damages as against the seller in favor of the buyer in the sum of $22,000.

The appellant filed its answer to the cross-bill denying all the material allegations therein, and further interposed, as part of its answer, a plea of res adjudicata, setting up in detail the litigation had between it and the appellee in the State of Louisiana, and exhibiting and offering in evidence a full and complete record of all the proceedings in the Louisiana case, including the entire record of the cause appealed from the lower court to the Supreme Court, together with the opinion rendered by that court in that case. As briefly as can be stated, the plea of res adjudicata set forth that in the district court of Louisiana, proceedings had been instituted by the Harnischfeger Sales Corporation against the Sternberg Dredging Company to enforce a chattel mortgage as against the machine, and prayed for a personal judgment for the amount of the notes, then alleged to be about $16,000, the chattel mortgage and notes having been executed by the Sternberg Dredging Company at its office and domicile in Missouri, and delivered to Har-

nischfeger Sales Corporation at its office in Wisconsin. A writ of sequestration was issued by the lower court in Louisiana, and the machine seized.

In the Louisiana proceedings, the Sternberg Dredging Company appeared and entered a motion to dismiss the cause for want of jurisdiction—both parties being nonresidents and the contract not having been executed in the State of Louisiana. This plea was overruled by the lower court. Thereupon the Sternberg Dredging Company, as a defense to the proceeding, plead substantially the same facts as are set forth in the Mississippi proceeding, the case here at bar, to-wit, a breach of the oral representation as to the adaptability of the machine to carry a two-yard-bucket load. The lower court there heard the evidence in the entire case and rendered a decree adjudging that the Sternberg Dredging Company was indebted to the appellant for the full amount of the notes then unpaid, directing that the machine involved be sold for the payment of said debt, and also rendered a personal decree for the amount of the notes against the Sternberg Dredging Company.

On its appeal to the Supreme Court, that Court held that the decree of the lower court enforcing the mortgage lien was proper; and it further held that it was proper and necessary for the court to ascertain and decree the amount of the indebtedness against the machine and affirmed that part of the decree. But the Court held further that the lower Court in Louisiana did not have jurisdiction to render a personal decree against the Sternberg Dredging Company for the amount due on the notes—that it was a judgment in rem in that particular. It further held that the lower court had jurisdiction to ascertain whether anything was due on the notes; and in a full and complete discussion of the defense offered on the incapacity of the machine to carry a two-yard bucket, that Court found that the plea was not sustained and approved the action of the lower court in excluding the evidence with reference thereto. See Harnischfeger

Sales Corporation v. Sternberg Co., Inc., 179 La. 317, 154 So. 10.

Subsequently, according to the Louisiana record, the machine was sold in the manner prescribed by the decree, and at the sale thereof, Sternberg Dredging Company bought the machine for $8,000, the writ of the officer showing the collection of that amount and the application of the balance, after paying costs, to the indebtedness sought thus to be enforced.

About six months after the plea of res adjudicata was interposed by the appellant, the appellee amended its pleadings so as to charge that misrepresentation of facts by the agent as to the sixty-foot boom with a two-yard bucket constituted a fraud and misrepresentation in the following language: "That the said complainant (Harnischfeger Sales Corporation) well knowing that said dragline was not so constructed as to do the work for which it was purchased, and that it could not successfully be operated, still induced defendant Sternberg Dredging Company to purchase the same; that these representations and inducements, with full knowledge of the facts, were a fraud upon your respondents and vitiates the said contract."

On the motion of the appellee, the court struck from the record the plea of res adjudicata, and also excluded the record of the Louisiana proceedings, and the case was then heard on the plea of fraud and deceit, namely, in that oral representation was falsely made which induced the appellee to enter into the contract. The evidence was conflicting on this point. The chancellor held the evidence competent and entered a decree dismissing the original bill and the cross bill, thereby holding that the damages alleged to have been sustained by the pleading and proof by the Sternberg Dredging Company would be allowed in a sufficient amount to extinguish the claim of the Harnischfeger Sales Corporation, but that the Sternberg Dredging Company not being entitled to a

rescission at that late date could not recover anything over against the Harnischfeger Sales Corporation.

The record in this case is voluminous, and likewise the briefs, and many points are discussed. Two questions are presented by the appellant corporation for decision, which are, in substance, as follows: (1) That the Louisiana proceedings constituted res adjudicata or estoppel as against Sternberg Dredging Company to again set up the defense and representations as to the two-yard bucket; and (2) that all the allegations and proof as to fraud and deceit for material representations were incompetent in the light of the peculiar language of the written sales contract.

We shall only consider the first question—that the Louisiana litigation constitutes res adjudicata or estoppel as to the defense sought to be interposed in the Mississippi court.

It is to be stated with reference to the facts that practically the same evidence was offered in both proceedings by the Sternberg Dredging Company as to the breach-of-warranty theory. The case on the evidence offered by the appellee is perhaps stronger, but it tends to the same ultimate conclusion. In the Mississippi Court, in the case at bar, the appellee changed its pleading subsequent to the filing of the plea of res adjudicata. The proof in both cases tended to establish the same ultimate fact, and it is unnecessary for us to detail the evidence.

In the appellate court in the State of Louisiana, the appellee presented two major propositions: First, that the trial court did not have jurisdiction to enter a judgment in rem nor to enter against it a personal decree or money judgment; and, second, that the lien should not be enforced because the proof sustained its plea that the representations and warranties made by the salesmen of Harnischfeger Sales Corporation constituted a complete defense, and there being no debt, there could be no lien enforced in Louisiana. On the first proposition, the Louisiana Court, held with the appellee only as to a personal

decree for the debt; on the second proposition the court held against it. An examination of the record shows that if that Court held that the evidence as to representation and breach of warranty were admissible, Sternberg Dredging Company would have established damages according to its theory in excess of $18,000, more than enough to extinguish the debt. We have here, then, a case where a non-resident defendant sought to prevent the enforcement of a lien on the dragline machine by the Courts of Louisiana on the ground of a breach of a warranty, because the machine was not capacitated to operate a two-yard bucket, this plea, in effect, being denominated a breach of warranty in the Louisiana courts, while in the Mississippi court, in order to defeat the debt, the appellee finally determined to name the same facts as constituting fraud and deceit.

At the outset we will state that the effect of the estoppel by the final decree of the Supreme Court of Louisiana is to be determined by the laws of that state where the decree was rendered, and this seems to be an accepted and universal rule. Restatement, Conflict of Laws, Section 450.

In the statement of the case it will be observed that the appellee, Sternberg Dredging Company, did not in the trial or appellate courts of Louisiana rest its defense upon the want of jurisdiction to enter a personal decree against it for the amount due on the note, but it contended that the court did not have jurisdiction to enforce the chattel mortgage lien, both parties being non-residents and the contract having been executed and completed in another state; and that if the court had jurisdiction, then the lien could not be enforced because it owed no debt on account of its cause of action for damages. In other words, on its defense to the enforcement of the chattel mortgage lien, appellee appeared in that court, offered its defense, and resisted to the utmost the enforcement of the lien in the Louisiana Court for the reasons we have stated. The ultimate facts as to whether or not a debt

existed that would authorize the enforcement of a lien are the same in both the Louisiana and the Mississippi courts. The litigation was between the same parties, the same subject, the only difference in the pleas and proof in the two courts being a change in the name of the pleading. The same cause of action was alleged in the Louisiana Court as was interposed and allowed by the lower court in this state, and that cause of action was, when the case is stripped to the bone, that the machine delivered would not and did not carry a two-yard bucket, and by this we understand it to mean that the machine was not capacitated to be filled with two yards of earth and successfully dumped therefrom.

It is said that the Louisiana decree cannot operate as res adjudicata or estoppel because the Supreme Court held that the proceeding was in rem. 179 La. 317, 154 So. 10. The appellant, Harnischfeger Sales Corporation, is not seeking here to bring a suit on the contention that the Louisiana judgment and action of that court, on the defense thereto, operated as a judgment which concluded the parties as to the amount of the judgment. The contention of the appellant is, as we understand it, that the Sternberg Dredging Company interposed the same defense in the Louisiana court as it interposed in the case at bar, and as to that defense the doctrine of res adjudicata is interposed and effective to conclude it, even though the proceedings in Louisiana to enforce a chattel mortgage on the thing mortgaged in that state were in rem. The appellee had its option to stand on the want of jurisdiction of the Court, but it did not do so. It appeared there. Sternberg, the main witness in both trials, testified to the same salient facts as to this defense in the Louisiana court as was testified by him in the Mississippi Court in the case at bar. We are of the opinion that the defense was adjudged and concluded as to that defense and that every court everywhere would be bound to so hold. We think in the mere statement of the case we demonstrated that the cause of action in the two states was

the same so far as the Harnischfeger Sales Corporation was concerned.

Many authorities are collated by both sides, but our attention has not been called to a case where a defendant in a proceeding in rem against him appeared in court and by plea sought to defeat the proceeding in rem to enforce a chattel mortgage because of a particular defense thereto which, if successful, would defeat the debt, and, of course, thereby prevent the enforcement of any lien. The cases cited are those in which there was no appearance by the defendant and no issue raised and actually litigated. Without the debt the lien was not enforceable, as to which there is no conflict in the authorities anywhere.

We are of opinion that the statement of the rule cannot be found stated with any more clarity than that contained in 34 Corpus Juris, Section 1636, p. 1154: "Judgments in Rem—In General. A judgment in rem, rendered by a court of competent jurisdiction in one state, cannot be collaterally assailed in another. But to entitle a judgment in a proceeding in rem, in which defendant was not personally served with process, and *did not appear* (italics ours), to full faith and credit in another state, the res must have been attached or seized, or at least have been within the jurisdiction of the court rendering the judgment. A judgment thus rendered is binding only on the property and rights in the property against which it operates, and as to matters brought before the court and essentially within its jurisdiction. It is conclusive against the parties, and all other persons claiming interest in or title to the property proceeded against and having notice of the proceedings. Such a judgment will not serve as a basis for any proceeding in a foreign jurisdiction, and no rights in personam can be urged under such a judgment in a foreign state. It will not be a bar to an action in another state to enforce a personal liability on the original cause of action."

When the Sternberg Dredging Company decided and elected to resist the entry of any decree in rem against

the machine and to interpose the breach-of-warranty defense, it thereby concluded itself irrevocably. Suppose the Louisiana Court had taken the opposite view and had determined in the court of last resort that the defense was valid in that it extinguished the debt? By that decree it would have retained the machine free from the lien; and, certainly where both parties appeared and contested the issue, debt or no debt, because of a breach of warranty, that decree would be final and conclusive on that issue actually litigated, and we think under the statute controlling in Louisiana would be res adjudicata. Such statute is as follows: "The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between the same parties, and formed by them against each other in the same quality." Art. 2286, Louisiana Civil Code.

It appears to us that whatever may be said about the decisions of the Louisiana court in the construction of this statute, the claim interposed in the case at bar—that is by counter-claim—wherein Sternberg Dredging Company sought to extinguish the debt by plea and proof of a breach of warranty on the cause of action, that the bucket would carry two yards of earth when in actual operation such warranty failed because the bucket would not so function, the same claim is here res adjudicata. We think there is no merit in the contention that by changing the name of the facts the cause of action was changed; and we have examined all the authorities cited from that Court on that question and can find no reason for saying that the cause of action was not identical. In the Louisiana Court the Sternberg Sales Company undertook to recover on its counter-claim the amount of its debt to appellant as damages in Mississippi. In the lower court it has so far successfully done that on the same facts that were litigated in Louisiana. There is no difference in quality, person, or cause of action.

In several cases in Louisiana that Court has used the language in construing the above statute: "Res adjudicata includes everything pleaded in a cause, and also that which might have been pleaded." See Exchange Nat. Bank v. Holoman Bros., 177 La. 537, 148 So. 702. But in Tennent v. Caffery, 163 La. 976, 113 So. 167, 172, that statement was modified in this language: "In Woodcock v. Baldwin, 110 La. 270, 275, 34 So. 440, 441, it was said that: 'The doctrine of the common-law courts that res judicata includes not only everything pleaded in a cause, but even that which might have been pleaded, does not obtain generally under our system.' "

Counsel for appellee relies strongly on the case, Succession of Marinoni, 183 La. 776, 164 So. p. 797. In the original opinion in that case, 177 La. 592, 148 So. 888, 898, the court held where a party sought to inherit in that state, basing her right thereto on a common-law marriage in Mississippi, which suit failed, and she later brought a suit on a statute which permitted a child to inherit on the putative marriage of the parents, the second suit was concluded under the statute of that state as to res adjudicata, but upon a rehearing of the case the Court concluded that a suit upon the common-law marriage in Mississippi was not the same cause of action as a suit upon the right to inherit under a statute of Louisiana. However, the case was decided by a divided court, the majority opinion being concurred in by four judges, and three judges dissenting. We are not here confronted with that factual situation. Here the same facts were presented and the same object sought to be attained as was sought to be obtained in the Louisiana Court—to defeat a judgment because of the failure of the machine to carry a bucket of a certain size. We do not stop to undertake to analyze what the court meant by the use of the words that the common-law rule "does not prevail *generally* in the state of Louisiana." We do not think the Louisiana Court could have reached the conclusion that the cause of action instituted by the appellee against the ap-

pellant in our court is different from that actually litigated in the lower and Supreme Court of that State.

We are, therefore, of the opinion that the court below erred in striking the plea of res adjudicata and declining to allow it as an estoppel to the defense here involved. The appellant is entitled to a decree here for the amount sued for, with six per cent interest from December 4, 1934. This opinion disposes of the appeal and cross appeal.

Reversed, and judgment for appellant.

ON SUGGESTION OF ERROR.

**Griffith, J.,** delivered the opinion of the court on suggestion of error.

In the Louisiana court, in the original proceeding there, the Sales Corporation averred that its debt, for the recovery of which that suit was instituted, amounted to approximately $16,000, the debt being evidenced by a series of notes, secured by a chattel mortgage. The Dredging Company there appeared and presented as its defense against the debt, a counterclaim for damages and adduced substantially the same evidence which has been presented in the present case, under which, if its claim for damages for what it then called a breach of warranty had been sustained, it would have owed the Sales Corporation nothing; and no decree could have issued against the Dredging Company, for, as we pointed out in our original opinion, it was necessary for the Louisiana court to find and adjudge that the debt demanded by the Sales Corporation was due and owing by the Dredging Company, else it could not have ordered the sale of the encumbered property. The ultimate issue whether the debt existed and was due was a necessary and vital issue, without the determination of which in the

affirmative favor of the Sales Corporation no further adjudication could be made, save to dismiss the entire proceeding. The debt issue was not one which that court could have laid to one side, and still have proceeded with other features of the case.

But whether the debt existed, and was due in the full amount demanded, depended upon whether the counterclaim interposed by the Dredging Company was sustained under the facts, and that issue was there fully heard. The Louisiana court held that the counterclaim was without sustainable merit either in part or as a whole, and furnished, therefore, no obstacle to the enforcement of the debt.

The argument by the Dredging Company now further pressed is that inasmuch as the counterclaim interposed in the Louisiana court against the demand there made for the purchase price of the machinery and for its enforcement by sale of the mortgaged chattel was one for a breach of warranty—that is to say, a defense which recognized the sale contract as valid, but sought to defeat the balance of the purchase price because of damages incurred in the use of the machinery founded upon the alleged fact that the machinery would not do in that use what it was warranted to do—the proceedings there involved only contractual relations. That here the procedure under the amended pleadings sounds in tort; that here the demand is that the contract of purchase be declared null because of the fraud and deceit of the seller in procuring it; and that, therefore, the counterclaim there tried was on one cause of defense in point of substantive right, while here it is upon a different cause having a different substantive foundation.

But fraud and deceit in the sale of property operates only to give the buyer the right to elect to rescind or annul the sale, and this right of election must be exercised with reasonable promptness after discovery that the property is not what it was represented to be. When the buyer does not promptly so elect and make his elec-

tion effective but continues to use the property, as was the case here, the law of all the states will interpose, by implication, an obligation to pay for the property so retained and used; and when in such case the buyer seeks to meet a demand for the price of the property by way of counterclaim for the damages caused to him in the use, the rule as to whether the counterclaim is sustained, and if so the measure of the damages, will be the same whether the counterclaim is tried on the theory of fraud and deceit by the seller as to what machine will do in its use or whether on the theory of breach of warranty.

The issue which was tried in the Louisiana court was the counterclaim of damages interposed by the buyer, and it was there called a counterclaim for damages for breach of warranty, and there it was held that the counterclaim was not sustained on the facts. Here the same counterclaim of damages is interposed by the buyer on substantially the same evidence of the facts; and it is insisted that we should reverse the findings of the Louisiana court on the same facts on the same counterclaim, because here the name given the counterclaim is different from that given it in the Louisiana court.

Let us suppose that, on the counterclaim, the issue had been decided by the Louisiana court in favor of the Dredging Company and in consequence had adjudged that no debt was due by it to the Sales Corporation, would the latter have been permitted to come thereafter to this State and relitigate here its alleged, but dead, debt?

After a prolonged and laborious examination of the Louisiana cases, including the recent opinion in Hope v. Madison, 194 La. 337, 193 So. 666, we believe none has gone so far as to sanction what is attempted to be done here when the cases in that jurisdiction are examined on their exact facts. And since no case from the Louisiana courts precisely similar to the present case upon the facts has been shown us, we have concluded, as we did before, that such cases as Exchange, etc., Bank v. Holo-

man, 177 La. 537, 148 So. 702, come nearest and furnish us the best guide to follow.

Suggestion of error overruled.

## ON MOTION.

**Griffith, J.,** delivered the opinion of the court on motion.

With the original bill in this case, copies of all the purchase money notes given by appellee were exhibited and the only credit and the amount thereof was stated in the bill. The prayer of the bill demanded the recovery of a balance of $9,876.07, with interest thereon from the date of the filing of the bill which was December 4, 1934. There was never any dispute between the parties as to the execution of these notes or as to their amounts or interest provisions or as to the admitted credit and the amount thereof, the litigation revolving entirely around other issues.

In preparing the original opinion, Miss., 191 So. 94, wherein the litigated defense was wholly disallowed, it did not for the moment occur to us to look further than to the prayer of the original bill and the date of its filing as to the amount of the balance involved, and we directed that a decree be entered here for the amount sued for; and the amount was entered by the clerk from the data as above stated. The motion now made by appellant calls attention to the fact that there was a misrecital in the prayer of the original bill as respects the actual amount of the balance due on the date aforesaid and to the correction of that recital which was made in complainant's answer to the cross-bill, and calls attention further to the exhibited notes and the only credit against them, all of which when considered, with the proper calculations thereon, shows that the true amount of the balance due appellant as of December 4, 1934, was $12,570.14. The true amount due, as shown by the controlling portions of

the record, was the amount for which we intended the decree to be entered, plus the stated interest; and under the authority of Section 755, Code 1930, we now direct the decree to be corrected to carry the amount last above stated with six per cent interest from December 4, 1934.

Appellee has resisted the motion by urging that appellant should be precluded from presenting the motion at this time, because through all the five or six months following the delivery of the original opinion there have been at the request of the Court, or by its allowance, two or three briefs on the part of appellant in reply to appellee's suggestion of error, and not once was any mention made of the mistake in the amount of the decree. We have already referred to the fact that appellant in its answer to the cross-bill prayed decree for the corrected amount, so that appellee was in nowise misled as to the actual balance placed in issue; and had we looked to that later pleading and checked it with the exhibited notes, we would ourselves have seen the correct amount as hereinabove stated, and would originally have entered the decree as it is now hereby ordered. Our attention was then focused upon the litigated points, as was that of everybody else concerned with the case, and it is, therefore, but justice to the actual record to do what we are now ordering.

Motion to correct decree sustained.